## JOSEPH TUCKER v. JOSEPH T. WILLIS AND OTHERS.

A party to a suit may be examined as a witness, by one as to whom his interest is adverse.

The interest of a defendant, as to the hire of a negro, for whom he is sued, as between the plaintiff and an intervenor, is balanced.

But the defendant is interested to the extent of the costs of suit, in favor of the intervenor, and this would render him incompetent as a witness for him.

An objection to the admissibility of evidence, not taken in the court below, cannot be made available in this court.

APPEAL from Denton. Tried below before the Hon. Nat. M. Burford.

This was a suit by Joseph Tucker against Joseph T. Willis, and his wife, Margaret Willis, for the possession of a slave, and the value of her hire.

The plaintiff alleged, in his original petition, filed May 4th, 1858, that on or about the —— day of March, 1853, he married, in the state of Kentucky, Malvina E. Gaddie, a daughter of Jesse Gaddie, who, on his said marriage, gave to his daughter the negro sued for. That in September, 1853, he moved with his wife to Texas, bringing the said negro with him; that his wife had subsequently died, without issue; that he was the owner of the negro, then in the possession of the defendants, and that they refused to deliver her to him.

The defendants disclaimed all title or right to the negro, and alleged that she belonged to Jesse Gaddie; they also pleaded the statute of limitations of two years.

Jesse Gaddie intervened, and alleged that he was the owner of the negro in controversy. That he had loaned her to his daughter, Malvina E., upon her marriage to the plaintiff, and that after her death, the said negro was, on the 7th of February, 1855, delivered by the plaintiff to his agent, who, on the same day, took possession of her as his property, and that she had ever since been held possession of by his agents, with the full knowledge of the plaintiff.

The plaintiff amended his petition, and alleged that the negro was the separate property of his wife; and that she left surviving her, the said Jesse Gaddie, her father, William T. and R. B. Gaddie, her brothers, and the following named sisters, to wit, the defendant, Margaret Willis, Mary Jane, the wife of Willis B. Hankla, and Martha, married to some one whose name was unknown to him. It was also alleged, that the defendant, Margaret Willis, had died since the commencement of the suit, leaving surviving her, the following named minor children, to wit, Mary, Jesse, and Martha Willis, all of whom he asked might be made defendants. That he owned the one half, and the defendants the other half, of the said negro; and the defendants had held possession of her, as co-heirs, or tenants in common with him, since February, 1855; and prayed that a partition might be made, between him and the defendants; and that, for this purpose, the negro should be sold, and that one-half of her value, together with one-half of her hire, since she had been in possession of the defendants, should be adjudged to him, and the other half to the defendants.

The defendant, Joseph T. Willis, was appointed by the court, guardian *ad litem* for the minor children of Margaret Willis, deceased; and he, in their behalf, and of the brothers and sisters of Malvina E. Tucker, deceased, filed an answer, disclaiming all right or title of any character or description whatever, in and to the negro, alleging her to be the property of the intervenor, Jesse Gaddie; and denied that she had ever belonged to said Malvina E. Tucker, deceased.

On the trial of the cause, the intervenor, Jesse Gaddie, introduced as witnesses on his behalf, the defendants, Joseph T. Willis, William T. Gaddie, R. Gaddie, Willis B. Hankla, and his wife, Mary Jane Hankla, to whose competency the plaintiff objected, "because they were defendants in said suit, and interested in the event or result thereof, as heirs and distributees of the estate of Malvina E. Tucker, the deceased wife of plaintiff." The objection was overruled, and the witnesses were permitted to testify; to which the plaintiff excepted.

There was a verdict and judgment in favor of the intervenor for the negro, and judgment in favor of the defendants for costs, from which plaintiff appealed.

*J. A. Poag*, and *Norton & Fisk*, for the appellant.

*Otis G. Welch*, for the appellees.

ROBERTS, J.—It is contended, that the court erred in admitting the testimony of Willis Hankla and wife, and W. T. and R. B. Gaddie, offered by the intervenor, Jesse Gaddie, in support of his right to the negro, by establishing the loan.   The bill of exceptions shows that the testimony of these witnesses was objected to by Tucker, upon the ground that they " were parties defendants to said suit, and interested in the event or result thereof, as heirs or distributees of Malvina E. Tucker, the deceased wife of plaintiff." The objection of their being parties to the suit, so far as their own interest is concerned, is obviated by the statute, which gives a party a right to the testimony of "the opposing party," if he should desire it. (O. & W. Dig. 127, Art. 481.) The interest of these witnesses was in favor of Tucker, and not of Jesse Gaddie; for if Tucker gained the negro, they were entitled to an interest as distributees of the estate of Malvina E. Tucker, deceased.

As to the hire of the negro, Willis's interest was balanced; for he was *primâ facie*, liable for the hire of the negro to the owner.   But if Tucker gained the suit, Willis would be liable for the costs of the suit.   If Jesse Gaddie, the intervenor, gained the suit, Tucker would be adjudged to pay the cost.   Tucker was therefore interested, to the extent of the costs of the suit, as between him and Tucker, that Jesse Gaddie should gain the suit; and to that extent he was giving evidence for himself, which was sufficient to disqualify him. (1 Greenleaf's Ev. § 347.)

This objection was not taken below, and is not embraced in the bill of exceptions, and therefore cannot now avail the ap-

pellee. The court below was not required to do more than respond to the objection made. (Houston v. Perry and Williams, 5 Texas Rep. 467.) There was no error in admitting the testimony under the objection made to it.

The loan of the negro was fully established by the evidence, and the verdict fully authorized by the proof.

Judgment affirmed.