## W. W. BARRETT v. THE STATE.

The general rule is, that where an erroneous charge is given, and there is no statement of facts, the charge will be deemed to have been a harmless abstraction.

Where a defendant, indicted for a common assault and battery, and fined one hundred dollars by the jury, excepted to the charge of the judge instructing them that if they found that the defendant committed the assault with a whip, they must find him guilty of an aggravated assault, and assess the punishment appropriate to that degree of assault and battery, specifying it; there being neither a statement of facts, and it not appearing that this was all the charge which was given by the judge on the trial, it will be presumed that an appropriate charge for a common assault and battery was given in addition to the charge excepted to; and that the jury found the defendant guilty of a common assault and battery.

APPEAL from Nacogdoches. Tried below before the Hon. A. W. O. Hicks.

Indictment against the appellant filed January 11th, 1859, charging him with an assault and battery upon Elliot R. Mims, committed on the first day of June, 1858. The indictment charged that the defendant upon said Mims " did make an assault, and him, the said Elliot R. Mims, then and there did beat, wound, and ill-treat, and other wrongs to him the said Elliot R. Mims then and there did, to the great damage of him, the said Elliot R. Mims."

On the trial the judge charged the jury that if the assault was committed with a whip, the jury should find the defendant guilty of an aggravated assault and battery, and assess his punishment by fine not less than one hundred dollars, nor more than one thousand dollars; and in addition to the fine imposed by them, they might in their discretion imprison the defendant, (quoting the language of the code defining the punishment for an aggravated assault.) To which charge the defendant excepted. The judge signed and approved a bill of exceptions, presenting the above charge. The defendant offered the following instructions: " if the jury believe from the evidence that Barrett showed by the manner of using the whip, that he had no intention to degrade

Mims, as by using the butt end of it to strike, as with a stick, the defendant would not be necessarily guilty of an aggravated assault and battery." Which the court refused to give. The record contains neither statement of facts nor the charge of the court, further than has been stated. The verdict of the jury was in the following terms: "We the jury find the defendant guilty and assess the fine at one hundred dollars;" upon which the judgment of the court was accordingly rendered.

The appellant assigned as error the charge given by the judge excepted to, and already stated.

*Thos. J. Jennings,* for the appellant.—I take it to have been settled by this court in the case of Pinson v. The State, (Opinion Book D, 261,) that the appellant could not lawfully have been put upon his trial for any offence above the grade of a common assault and battery, and of course the District Court erred in holding him liable under this indictment, to be convicted and punished for an aggravated assault and battery. But it will doubtless be insisted, on the part of the appellee, that the appellant is not entitled to ask a revision here of the charge of the district judge, because this court cannot determine upon its relevancy, in the absence of the evidence. The first case in which the rule which is involved in this proposition was laid down by this court, is that of Holman v. Britton, (2 Tex. R., 297;) C. J. Hemphill, (Ib. 300,) thus states the reason of the rule : " There must be some possible injury resulting from the erroneous opinion, before the court is authorized to reverse a judgment; and this possibility is to be ascertained in this case alone by the application of the charge to the evidence ; and this we are unable to do, from there being no evidence presented in the record." This rule has been substantially followed in Chandler v. The State, 2 Tex. R., 308; Hill and wife v. Crownover, 4 Tex. R., 8; McMullen v. Kelso, Ib. 237; Ashworth v. The State, 10 Tex. R., 490, and cited in other subsequent cases. But the ground of this rule is illustrated by the decision and expounded in the opinion of this court in the case of Luckett v. Townsend, 3 Tex. R., 128, in a manner which points with striking application to the question now under consideration.

In the opinion just cited it is said: "There was no necessity that the plaintiffs should have embodied in a statement of facts what was thus admitted of record." And the court proceeded to revise the action of the District Court upon the motion for a new trial upon the admission of the parties in pleading, without the evidence before them. In our case, the indictment confines the state to a common assault and battery, and amounts to an unanswerable admission that the appellant was not guilty of the higher offence imputed by the instructions complained of. Here there was not only a possible injury (to appellant) resulting from the "erroneous opinion," but it is morally impossible that it could have failed to exert an injurious influence upon his case. Admitting the use of a whip in the assault and battery by appellant, still the circumstances might have been such that the jury might have been justified in imposing, or at all events, might have imposed, (beyond the power or right of revision or correction by any court) only a nominal fine, if they had not been restricted by the court to the minimum of $100. The truth is, the record, (without evidence,) shows that the Hon. Judge trenched upon and usurped, (by his erroneous opinion of the scope of the indictment,) the province of the jury, and fixed as the minimum of their fining power what the law, under the pleadings, fixed as their maximum. In any state of evidence which the appellee may claim, (and she may, according to the law of the point, claim enough to support the verdict under correct ruling of the law,) it was the right of appellant to have the jury properly instructed as to the extent of their province under the pleadings, in fixing the amount of the fine, so that he might have the benefit of their sense of justice, or of their indulgence, or of their favor; for to all these was he entitled, by the law confiding to the jury the power of assessing within certain limits, the punishment demanded by his offence. So the law is written and the verdict of ages has sanctioned it. I mean the law which allows a defendant in a criminal case to question the verdict of a jury, but makes it binding against the government upon whatever considerations it may have been founded. Within the limits prescribed, the jury had an uncontrollable discretion under any state of proof, (if exercised favorably

to the defendant,) in determining the amount of the fine; and was not this discretion taken from them by the charge in question? And did not this error necessarily operate injuriously to appellant? We conclude then that "if the assault and battery was committed with a whip," (or with anything else, or in any manner whatever,) under the pleadings in this case, the appellant was entitled to the benefit of the law, fixing for his offence a fine of not "more than ~100," instead of "not less than $100," and "not more than," &c., and that benefit was denied by the charge complained of, for which we ask that the judgment below be reversed.

*Attorney-General.* for the appellee.—It has become the settled doctrine of this court, that "it will not reverse a judgment in a criminal case for an alleged error in the refusal of the court below to give a charge asked, unless there be a statement of facts or bill of exceptions, stating facts sufficient to show the pertinency of the charge." (Ashworth v. The State, 9 T. R., 490.)

But supposing this case to be an exception to this well established rule, the question presented by the record in this case is, can an accused person be found guilty of an aggravated assault and battery upon an indictment for an assault and battery which does not indicate the grade of the offence? There is but one definition of an assault and battery, and this embraces every grade of the offence. (Penal Code, Art. 475.) There is no difference in principle, between a simple and an aggravated assault and battery; they differ only in degree.

It is not pretended that the indictment in this case is not good for a simple assault and battery, and yet there is nothing in the indictment which indicates that it was intended to charge the offence of simple assault and battery exclusively. The definition of the offence necessarily embraces all its degrees. A charge of the offence in an indictment may embrace all the degrees, and the particular degree of which the party is guilty depends on the proof, which need not be set out in the indictment. The offence of assault and battery does not stand upon the same footing with other offences including different degrees; as for instance, murder, arson, &c. In such cases the degrees are marked or defined by a

principle, but the degrees in assault and battery are divided by no principle, but depend exclusively on facts. Assault and battery constitutes but one distinct offence of different degrees. There are several degrees of culpable homicide, but each one constitutes a separate and distinct offence.

The counsel for the appellant assumes that the case of Pinson v. The State, in Book D, of Opinions, settles the doctrine that a person indicted for an assault and battery cannot be put upon his trial for an aggravated assault and battery. It is submitted that the case cited does not support the assumption. The object of the indictor in that case, was to charge the offence of aggravated assault and battery, and, in order to do so, he undertook to set out the facts necessary to bring the case within that degree. The facts proven on the trial did not agree with those specified in the indictment, and for this reason the case was reversed. The language of the court was, that "If the pleader chooses in framing an indictment to allege the particular circumstances which make the assault an aggravated assault, the assault must be proved as alleged." So far from settling the rule as contended for, the language quoted would imply that it is optionary with the pleader to allege the circumstances that bring the offence within the degree of aggravated assault.

But independent of these circumstances, it is well settled that "the assault and battery is the offence, and it is not necessary therefore to allege the circumstances of aggravation; the mode, the injury are circumstances of aggravation." (Scott v. Commonwealth, 6 Serg. & Rawle, 224; Whart. A. Cr. L., § 622, 624, and § 394; Rex v. Turner, 1st Strange R., 139.)

ROBERTS, J.—The indictment is in common form for an assault and battery, and the jury found the defendant guilty, and assessed his fine at one hundred dollars; which is the utmost limit of their power in a conviction for a common assault and battery under the Code. The court instructed the jury, that if the defendant committed the assault with a whip, they must find the defendant guilty of an aggravated assault, and assess the punishment appropriate to that degree of assault and battery, (specifying it.) This charge

39X

was excepted to by the defendant, and upon this alleged error the conviction is sought to be reversed. There is no statement of facts, and it does not appear that this is all the charge which was given by the judge on the trial. The general rule is, that when an erroneous charge is given, and there is no statement of facts, the charge will be deemed to have been a harmless abstraction. Had the jury, however, in this case assessed the fine at an amount over one hundred dollars, it would have become material to have considered the correctness of this charge; or, what would have amounted to the same thing perhaps, in one point of view at least, it would have been necessary to have considered whether or not the indictment embraced the charge for an aggravated assault, of which the jury had found the defendant guilty, as would have been indicated by their verdict. As the case stands upon the record before us, we must presume that the court gave an appropriate charge for a common assault and battery in addition to the charge excepted to; and that the jury found the defendant guilty of a common assault and battery. There is nothing to show that they were influenced in their verdict by this charge, as they did not exceed the punishment appropriate to that offence.

Judgment affirmed.