PHIL DAVIS v. THE STATE.

Where the record contains no statement of facts, or bill of exceptions taken to the action of the court below, alleged error in overruling an application for continuance and refusing to amend the judgment will not be considered on appeal ; nor will a protest against the action of the court, filed among the papers and not signed by the judge, be regarded.

. APPEAL from Travis.    Tried below before the Hon. J. P. Richardson.

Phil Davis was tried and found guilty of theft, on the seventeenth of February, 1874; on the twenty-first of February his attorney, G. Davis, filed among the papers in the cause a paper endorsed "protest," in which he protested against that portion of the judgment rendered on the verdict, which recited that the defendant had announced ready for trial, as not being true.    A motion for new trial was made March 6, alleging the discovery of new testimony on that day, but the affidavit of the witness to the new matter was not filed, nor its absence accounted for.    The only exception disclosed by the record is that taken to the action of the court in overruling the motion for new trial.

*G. Davis*, for appellant.

*Geo. Clark, Attorney-General*, for the State.

ROBERTS, CHIEF JUSTICE.—In this case the defendant was tried and convicted for theft of a gelding; his punishment was assessed at ten years confinement to labor in the penitentiary; judgment was rendered, a motion for new trial was overruled, and notice of appeal was given. There is no statement of facts in the record.

It is contended by counsel for the defendant that the court erred in refusing to entertain, and also in overruling, his application for a continuance — in refusing to amend the recital of the judgment so as to show that the defendant did not announce himself ready for trial.

There is no bill of exceptions taken to the action of the court in reference to these matters. The attorney below filed a protest, which was not signed by the judge. It is unnecessary, therefore, to consider further these assignments of error, they not being presented on the record in such manner as will enable this court to pass upon them. Counsel desiring such matters to be revised by this court must not only except to the action of the court, but make their exceptions appear upon the record by a bill of exceptions, as it has been repeatedly decided by this court.

Another ground of error assigned is that the court erred in not granting a new trial on the ground presented under oath of the defendant of newly-discovered evidence. The affidavit of the witness to the facts was not procured and produced, and no explanation was made why it was not done; and had it been produced, we cannot decide as to its importance, or as to whether or not it was merely cumulative, inasmuch as there is no statement of facts in the transcript of the record; and therefore we cannot say that it was error in the court below to overrule the motion for a new trial on that ground.

Whatever may have been the irregularities or errors in the proceedings upon the trial, so earnestly complained of by counsel, they are not so presented as to enable this court to revise them.

AFFIRMED.