### R. Talley *v.* The State.

Practice in the Court of Appeals.—When there is no statement of facts the inquiry on appeal is limited to the sufficiency of the indictment to sustain the charge of the court and the finding of the jury.

Appeal from the Criminal District Court of the county of Harris. Tried below before the Hon. Gustave Cook.

The indictment was returned on the 22d of October, 1875, and laid the killing on the 10th of June of that year.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J. The appellant in this case was indicted and tried in the criminal district court of Harris county for the murder of one Scott Marshall. He was convicted of murder

in the first degree, and his punishment assessed at imprisonment for life in the penitentiary.

His motion for a new trial, which was overruled, is as follows:

1st. That the verdict is against the law and the evidence.

2d. That the punishment is excessive.

There is no bill of exceptions or statement of facts in the record.

As was stated in the case of *Koontz* v. *The State*, "without a statement of the facts in evidence before the court and jury, it cannot be ascertained whether the grounds of the motion for a new trial were well taken or not; and, there being no statement of facts, the objections made by the defendant will not be examined further than to see that the indictment will sustain the charge and the finding of the jury." 41 Texas, 571, and *Brooks* v. *The State*, decided by this court at the present term, and authorities cited (not reported); *Ashworth* v. *The State*, 9 Texas, 490; *Chandler* v. *The State*, 2 Texas, 308; *Barnett* v. *The State*, 25 Texas, 605; *Kindred* v. *The State*, 32 Texas, 609; and *McDonald* v. *The State*, 33 Texas, 339.

Limited, then, as we of necessity are, simply to a determination of the validity of the indictment, and whether or not it will sustain the charge of the court and the finding of the jury, we have examined the indictment in this case with great care, and find it a good indictment for murder in the first degree.

The charge of the court presented, fully and correctly, the law of murder of the first and murder of the second degree, and of manslaughter. The verdict of the jury inflicted upon defendant the mildest punishment affixed by the law, at the time, to the crime of murder in the first degree. We must presume that the facts sufficiently sustained the verdict.

The judgment of the lower court is affirmed.

*Affirmed.*