# THE
# TEXAS LAW REPORTER.

AUSTIN, TEXAS, MAY, 1883.

## THE TEXAS & PACIFIC R. R. CO. vs. A. F. McALLISTER.

### SUPREME COURT, AUSTIN TERM 1883.

*Removal of Cause to Federal Court—Powers of State Court.*—A State Court has power to pass on the sufficiency of the petition for the removal of a cause to the Federal Court.

*Same—Petition—Insufficiency of.*—The mere statement, in an application for removal, that the corporation chartered by United States law has a defense under its act of incorporation, when neither the said act, nor any of the papers or proceedings in the cause show that such defense exists or can possibly arise upon the trial, is not sufficient to entitle the applicant to a removal.

*Continuance—Practice.*—The action of a court in refusing a continuance will not be revised unless a bill of exceptions to the ruling has been reserved.

*Practice.*—Without a statement of facts or bill of exceptions the action of the court below in receiving or rejecting evidence will not be considered, nor will the correctness of the charges given and refused be passed upon.

*Same.*—No notice will be taken of a bill of exceptions filed after the adjournment of the term of court at which the cause was tried, unless an order has been made and entered of record, during the term, allowing such statement to be made up, signed and filed within ten days after the adjournment.

*Same—Presumption.*—Where there is no statement of facts, nor bill of exceptions, it will be presumed that everything necessary and proper to be proved under the pleadings of the prevailing party, in order to warrant the verdict, was proved on the trial.

Appeal from Harrison County.—Opinion by Willie, C. J.—The Opinion sufficiently discloses the facts.

This action was brought to recover damages for injuries alleged to have been received by appellant whilst a passenger upon the cars of the Texas and Pacific Railway Company, caused by the unsound condition of the track over which said cars were being transported

at the time, and the gross carelessness of the employees of the company.

The appellant pleaded a general demurrer, general denial, and specially that the road was in good condition ; its employees skilful and competent; and that the accident was caused by the action of cold weather upon the iron rails, such as no human foresight could anticipate or prevent.

It also pleaded in abatement, that at the time of trial of the cause in the District Court of Harrison county, the same suit was pending in the U. S. Court at Jefferson, Texas, which last plea was overruled and stricken out.

Something over a year after the commencement of this suit, appellant filed its petition in the court below to remove the cause to the Circuit Court of the United States for the Eastern District of Texas, which application was overruled, and the cause proceeded to trial, and resulted in a verdict and judgment for appellee for $8,000, from which the railway company have appealed to this court.

The first assignment of error brings in question the ruling of the court below refusing to remove this cause to the U. S. Circuit Court on application of the appellant.

The petition for removal is based on Article 640 of the Revised Statutes of the United States, which reads as follows :

"Any suit commenced in any court other than a circuit or district court of the United States, against any corporation, other than a banking corporation organized under a law of the United States, or against any member thereof as such member, for any alleged liability of such corporation, or of such member, as a member thereof, may be removed for trial in the circuit court for the district where such suit is pending, upon the petition of such defendant, verified by oath, stating that such defendant has a defense arising under or by virtue of the Constitution, or of any treaty or law of the United States, such removal in all other respects shall be governed by the provisions of the preceding section."

The application stated that the appellant was not a Banking but a Railroad Corporation, incorporated by virtue of certain acts of Congress of the United States, viz :   An act entitled " An act to incorporate the Texas and Pacific Railway Company, and to aid in the construction of its road and for other purposes," approved March 3, 1871, and an act supplementary thereto, approved May 2, 1872.

*Rec. Oct. 6, 1898.*

It further stated that the company had a defense to the said action arising under and by virtue of a law of the United States, viz : " The said act of incorporation." This petition was not verified by oath, but was accompanied by a sufficient bond conditioned in terms of the law.

The application for removal was refused by the court, and we are asked by appellant to revise its action in this respect.

By reference to the section of the Revised Statutes cited above, it will be seen that the right to removal under that section depends upon two facts, which must be brought to the notice of the court in the application.

1. That a Federal corporation, other than one for banking purposes, or some member of it, must be a party defendant to the suit, and,

2. Such defendant must have a defense arising under or by virtue of the Constitution, or of some treaty or law of the United States.

A third requisite, applying more particularly to the manner in which the last mentioned fact shall be made known to the court is, that the petition shall be verified by oath, at least as to the character of the defense, by reason of which it is sought to remove the cause.

As the petition in this case states in general terms the two facts upon which a removal may be had under the above section, it becomes necessary, to inquire whether such a general statement as to the nature of the defense is sufficient. Preliminary to a consideration of the sufficiency of the petition in this respect, is the question of whether or not the judge below had the power to inquire into such sufficiency and refuse the application, if in his opinion it did not come up to the requisites of the law.

It is contended by appellant, that no such power exists in the State court, and we are referred among other authorities to the 639 section of the U. S. Revised Statutes to sustain this position. It is there said in substance that at the time of filing the petition for removal the party applying must offer in the State court good and sufficient surety for the performance of certain acts; and that it shall thereupon be the duty of the State court to accept the surety and proceed no further in the cause against the petitioner.

If this point or any other made by appellant had been passed upon authoritatively by the Supreme Court of the United States, we

should consider it decisive of the question and follow it without discussion. The law under consideration is an act of the National Legislature governing the procedure of courts in which it may be administered, and from a decision of this court against a party claiming a right under it, a writ of error lies to that court, and its decision would govern us in its construction.

But we are referred to no case in which the exact position taken by the appellant has been endorsed by that court. The cases relied on in the brief of counsel hold that when a *sufficient* petition has been filed it is the duty of the State court to proceed no further in the cause; its jurisdiction has closed, and that of the United States court has commenced.

The language of the court in R. R. Co. vs. Koontz, 104 U. S. 14, is : "That when a *sufficient* case for removal is made in the State court the rightful jurisdiction of that court comes to an end, and no further jurisdiction can be had there unless in some form its jurisdiction is restored." In Kern vs. Huidekoper, 103 U. S. 490, the court say, following the decision of Ins. Co. vs. Dunn, 19 Wall., 214: "If the cause is removable and the statute is complied with, no order of the State court for its removal is necessary to confer jurisdiction on the court of the United States, and no refusal of such an order can prevent that jurisdiction from attaching;" and further they say, that "when the prerequisites for removal have been performed, the paramount law of the land says that the case shall be removed."

In the Removal Causes, 100 U. S. 457, the court say : "The petition filed in this case was sufficient in form; enough appeared on its face to entitle the petitioner to his removal," but in another part of the opinion it also says : "We fully recognize the principle heretofore asserted in many cases, that the State court is not required to let go its jurisdiction, until a case is made which upon its face shows that the petition can remove the cause as a matter of right."

These decisions all leave a discretion with the State court, to at least pass upon the sufficiency of the case made by the petition. They do not require that it should surrender its jurisdiction until a petition, complying with the provisions of the statute, is presented to the court.

And it was expressly held in Ins. Co. vs. Pechner, 95 U. S. 185, that "The right of removal is statutory. Before a party can avail

himself of it, he must show upon the record that his is a case that comes within the statute. * * * If he fails in this, he has not; in law, shown to the court that it cannot "proceed further with the cause." Having once acquired jurisdiction, *the court may proceed until it is judicially informed th:.t its power over the cause is suspended.*"

And in Amory vs. Amory, Ib. 187, the court held, that "A State court is not bound to surrender its jurisdiction upon a petition for removal until at least a petition is filed, which upon its face shows the right of the petition to the transfer. It was not error for the court to retain these causes."

Thus we have the direct authority of the highest tribunal, which can pass upon the question, to the effect that the State court is not powerless to examine into the grounds of removal, so far at least as to pass upon their sufficiency. as they appear upon the face of the petition itself.

But it may be said, that in the two cases cited, the petition itself did not sufficiently state the citizenship of one of the parties. This may be true, but the cases establish the principle that the State court is not deprived of the exercise of all judgment in the matter, and forced to give up its jurisdiction for the sole reason that a petition for a removal is filed.

It is to be remarked of these cases also that they were brought up by writ of error to the Supreme court from the State court direct, and not from the U. S. circuit court to revise decisions upon motions to remand.

This furnishes a conclusive answer to the position taken by appellant, and sustained by decisions of some of the circuit courts of the United States, to the effect that whilst the sufficiency of the application may be questioned it can only be done in the U. S. court, to which the cause is removed upon a motion to remand or upon the trial of the cause therein.

There is such conflict of authority in the circuit courts upon this and all other points raised on the present application for removal that it is hardly worth while to discuss or review the cases. It is worthy of remark, however, that in our own circuit, Mr. Justice Bradley, of the U. S. Supreme Court, held in the case of Wells, et al., *ex parte*, 3 Woods, 128, that when a petition is presented to a State court, under Section 641 Revised Statutes, for the removal of

a prosecution pending in that court to the Federal court, the State court has a right to examine its sufficiency. His language is, "The State court surely is not bound to shut its eyes and yield to every application that comes to it, though removal (when authorized) is a matter of right and not of favor, yet the court must have the right to see whether the application to remove comes within the meaning of the law."

We think that in view of the language of the statute on the subject of removals and of the decisions of the U. S. Supreme court, there can be no doubt of the power of the State court to pass on the sufficiency of the petition for the removal of this cause.

The remaining question is : did the court below, in passing upon this petition, correctly hold that it was insufficient and refuse to remove the cause.

The two objections raised to the petition below were that the company was not a Federal corporation, and that the appellant's defense under a law of the United States was not set forth. In the view we take of the case, it will not be necessary to consider the first of these objections. Neither will we notice the defect in the petition, caused by a failure of appellant to verify it by oath as to the nature of his defense. The statute in terms requires such an affidavit, but the counsel for plaintiff below did not object on that ground, nor urge the objection in this court.

As to how far the applicant is required to set forth in his petition the defense which he claims to have under a law of the United States, and how far the State court may go in inquiring into the nature of that defense, there is a conflict in the decisions of the U. S. circuit courts.

In the New York and Iowa circuits, and perhaps others, it has been held that it was sufficient to state that the corporation had a defense under its charter. In the ninth circuit it has been held that the petition should set forth the defense, or that it should otherwise appear from the record so that the court could see whether or not such defense existed.

No decision upon the exact point under the 640th Section of the Revised Statutes U. S., has been made by the United States, so that we are left to draw our conclusions from the reasoning on each side by the lower courts, and from decisions of the Supreme Court of the Union in analogous cases.

The circuit courts which have denied the right of the State courts to go further than to inquire into what is disclosed upon the face of the petition, or to hold that it is bad for not setting forth the nature of the defense under a United States law, generally base their opinions upon the want of any authority in the State court to pass upon the sufficiency of the petition in any respect, or upon the ground that the applications upon which they have passed, followed the general language of the statute; or that upon a mere motion or objection to an application, the merits of the cause could not be examined into.

The first of these positions we have already disposed of. The last is not tenable because the Supreme Court has in effect passed upon it, endorsing the action of circuit courts in remanding causes, when they have done so upon mere motion based on the insufficiency of the petition.

As to the other ground it must proceed upon the idea that the petition is not a pleading and therefore not subject to the rules of pleading, one of which is that it must set forth clearly the grounds on which it is based, leaving nothing to inference, and not stating mere conclusions of law.

That such petition is a pleading and governed in a great measure by the rules of pleading, is thoroughly established by the decision of the U. S. Supreme Court in Gold-Washing & Water Co. vs. Keyes, 96 U. S. 199.

That cause was removed under that part of the act of 1875, which provides for the removal of suits arising under the constitution and laws of the United States.

The application stated that "the action arises under and that its determination will necessarily involve and require the construction of the laws of the U. S." &c. Chief Justice Marshall had held in Cohens vs. Virginia, 6 Wheaton, 379, that a case may truly be said to arise under the Constitution or a law of the United States, whenever its correct decision depends upon the construction of either. So the petition may be said to have come within the letter and spirit of the act, and that no objection could be made excepting as to the general nature of its allegation, or its failure to show how the construction of such law was involved.

The Supreme Court held that as neither the plaintiff claimed a right under the United States law, nor defendant set up a defense

under it, the court would have to look to the facts set forth in the petition alone, to judge of the correctness of the removal.

It held that the petition performed the office of a pleading. Upon its statements, in connection with the other parts of the record, the courts must act in declaring the law upon the question. "It should therefore set forth the essential facts, not otherwise appearing in the cause, which the law has made conditions precedent to the change of jurisdiction. If it fails in this it is defective in substance and must be treated accordingly. * * * It is the office of pleadings to state facts, not conclusions of law. It is the duty of the courts to declare the conclusions, and of the parties to state the premises."

The court goes on to say, "They (the defendants) state no facts to show the right they claim, or to enable the court to see whether it necessarily depends upon the construction of the statutes. Certainly an answer containing only the statements of the petition would not be sufficient for the presentation of a defense under the provisions of the statutes relied on. * * * In pleading the statute, the facts must be stated which call it into operation. The averment that it is in operation is not enough, for that is the precise question the court is called upon to determine."

The court concludes the subject by saying that "if these facts," *i. e.* the facts from which the conclusion stated in the petition is derived, "sufficiently appear in the pleadings, the petition for removal need not restate them; but if they do not, the omission must be supplied in some form, either by the petition or otherwise."

It is needless to add arguments to these so well stated in the above opinion. Although upon a different statute the reasoning applies with equal force to the present case. Neither the plaintiff's nor defendant's pleadings disclosed the fact that the appellant could have had any defense under its corporate acts. We must resort therefore to the application alone. It stated the conclusion of law that the appellant had a defense under its charter, a law of the United States, without showing from what facts it drew that conclusion. Looking to that charter, we see no defense to the present case which could possibly arise under it. The application considered as a pleading was defective in stating a conclusion instead of stating the premises so that the court might draw its own conclusions. And the whole record taken together shows that the conclusion was improperly drawn from the premises by the applicant.

This case strongly illustrates the incorrectness of the ruling which forbids the State court from determining the question of the right to a removal, and leaves it to be decided by the United States Circuit Court upon a trial of the merits of the cause. Fisk vs. P. R. R. Co., 6 Blatchford, 362. The cause was tried below upon every question of law and fact which the counsel for either party wished to present, yet neither in the pleadings, the evidence received or offered, nor in any other portion of the proceedings was there developed any defense under the laws of Congress granting a charter to the appellant. The defenses relied on were such as might have been urged by any corporation or private person acting as a carrier of passengers under the same state of facts.

If the cause had been removed to the circuit court as requested, it would have been tried in the same manner, under the same pleadings, and with the same evidence. There was no defense that the appellant could have interposed there, that was not available in the State court. It follows then, under the rulings above alluded to, that as no such defense as was stated in the application for removal would have been developed, the cause would have been remanded to the State court. Thus all the trouble, expense and delay incident to a change of jurisdiction would have been incurred and the cause reached the same point where it was when the removal was applied for.

It certainly could not have been the intention of the law to bring about such a disastrous consequence to suitors in the State courts.

The object of the statute of removal doubtless was to have the United States laws construed by the courts of the general government, and thereby produce not only uniformity of decision, but place the interpretation of such acts where it justly belongs. It certainly was not intended that under the pretext of having a defense by virtue of such law a corporation could carry its causes from the State to the Federal courts, and there have them tried when no such statute entered into the case.

It is urged that a corporation chartered by act of the general government has in every case a defense under the statute incorporating it.

If so, the fact that it was thus chartered is all that is necessary to be known to the court, in order to entitle it to removal. Why then did the statute require the superfluous statement of the additional

fact that the corporation had a defense under a United States law? And why did it require such fact to be sworn to, if the court was bound judicially to know it?

These considerations, together with the authorities cited, lead us to the conclusion that the mere statement in an application for removal that the corporation chartered by United States law has a defense under its act of incorporation when neither the said act, nor any of the papers or proceedings in the cause show that such defense exists or can possibly arise upon the trial, is not sufficient to entitle the applicant to a removal. The court did not err in refusing the motion to remove the cause to the Federal court.

This cause and that in 96 U. S. above cited, differ from those known as the "Removal Causes" in 100 U. S. There the petition stated a fact, viz: the citizenship of the parties, and not an inference of law; and its allegations in this respect were fully borne out by the pleadings filed in the cause.

As to the other assignments of error they may be classified as follows:

The objection to overruling the motion for a continuance; objections to the giving and refusal of charges; to the admission or exclusion of evidence, and lastly to the sufficiency of the evidence to warrant the verdict.

It has been frequently held by this court that the action of a court in refusing a continuance will not be revised unless a bill of exceptions to the ruling has been reserved. Morris vs. Giles, 40 Tex. 374; Davis vs. State, 40 Tex. 478; Jones vs. State, *ib* 188.

There was none reserved by the appellant to this action of the court below.

It is universally held that without a statement of facts or bill of exceptions this court will not consider the action of the court below in receiving or rejecting evidence, nor will it pass upon the correctness of the charges given or refused. Tucker vs. Willis, 24 Tex. 247; Garner vs. Cutler, 28 Tex. 175; H. & T. C. R. R. Co. vs. Knapp, 51 Tex. 569; Barrett vs. State, 25 Tex. 605; Cameron vs. Thompson, 12 Tex. 247; Smith vs. Tucker, 25 Tex. 594; Frost vs. Frost, 45 Tex. 325; Keef vs. State, 44 Tex. 582.

An exception to this doctrine is where the charge given, taken in connection with the pleadings and verdict is so apparently erroneous as to leave no doubt but that the finding of the jury must nave been

controlled by the improper instructions. McGaughey vs. Bendy, 27 Tex. 535.

This court has also decided that it will not take notice of a bill of exceptions filed after the adjournment of the term of court at which the cause, to which it pertains, was tried; and that they will not consider a statement of facts filed after such adjournment if an order has not been made and entered of record during the term allowing such statement to be made up signed and filed within ten days after the adjournment. Ross vs. McGowan, and McGuire vs. Newbill, decided at last Galveston Term, 1883. Truitt vs. Blundell, Tex. Law Reporter, April, 1883, p. 942.

The term of court, at which this cause was tried, adjourned July 2, 1881, and the bill of exceptions and statement of facts were filed on the 11th of that month, without any previous order permitting the statement of facts to be filed after adjournment. Such order would have been unavailing as to the bill of exceptions. We cannot therefore consider these papers, nor revise the rulings upon the evidence, nor determine whether the latter was sufficient to warrant the verdict. The charges are not glaringly erroneous, considered in reference to the pleading, but on the contrary seem to be fair and just, and to announce correct principles of law as applied to them. Where there is no statement of facts, nor bill of exceptions, this court will presume that everything necessary and proper to be proved under the pleadings of the prevailing party in order to warrant the verdict was proved on the trial. Anding vs. Perkins, 29 Tex. 453; Henderson vs. Trimble, 174; Johnson vs. Blount, 48 Tex. 38; Bond vs. Mallow, 17 Tex. 636.

The allegations of the pleadings in the cause, if proven fully, authorized the verdict and we cannot disturb it.

The objections to the action of the court on the motion to have the appellee examined by physicians cannot be considered for want of a bill of exceptions. As to its ruling on the plea in abatement, it is sufficient to say that the plea came too late, if the suit in the United States Court was commenced before appellant filed its pleas in this cause to the merits; and if afterwards, the grounds set forth in the plea were not sufficient to abate this action.

All points taken by appellant under his fifth or seventh assignment of error might have been disposed of on the ground that these assignments are under our rules too general to entitle them to con-

sideration; but they are so obviously defective for the reasons above assigned, that we have on that account declined to consider them There is no error in the judgment and it is affirmed.