L. & H. BLUM ET. AL. VS. J. R. THOMAS AND J. W. GERMANY.

SUPREME COURT, TYLER TERM, 1883.

1. *Practice—Removal of causes from State to Federal Courts.*—After a good and sufficient petition to remove a case from the State to the Federal Court has been filed in the State Court, that court can enter no further order, and take no further action in such cause. See the opinion for petition and proceedings *held*, insufficie t to authorize such removal of a cause.

2. See statement of the case, for a charge of the court, *held*, under the ircumstances of the case favorable to the appellant, and in every aspect of the case correct.

Appeal from Van Zandt County.

*Scott & Levi* for appellants.

*C. B. Kilgore* for appellees.

### STATEMENT.

Appellees filed suit in the district court of Van Zandt county against appellants alleging the residence of Hyman Blum to be in New York, and the other defendants in Galveston county and Van Zandt county, Texas. They claimed damages from defendants (appellants) for the wrongful and forcible conversion and appropriation by defendants (appellants) of merchandise belonging to plaintiffs (appellees) valued at $1,297 20, and for $1,000 to cover loss of

profits expected to be derived from the sale of said merchandise. The petition was filed August 3rd, 1880.

November 11th, 1880, all the defendants filed a petition, oath and bond for the removal of the cause to the Federal Court, on the ground that Hyman Blum was a resident of New York.

April 25th, 1882, defendants filed general and special exceptions and a special answer alleging that plaintiffs (appellees) had no title to the merchandise claimed by them, but that the same belonged to one J. H. Palmer, who had made a pretended and fraudulent sale to appellees, and that appellants had seized said merchandise under and by virtue of a writ of attachment against Palmer. Trial by jury and verdict for plaintiff (appellees) for $1,487.45, upon which, after a remittitur of $11.75, judgment was rendered for plaintiffs (appellees) against all the defendants for $1,474.70. Motion for new trial overruled, from which defendants prosecute this appeal, and reply on the following assignment of errors, viz:

1. The court erred in permitting the plaintiffs, at the November term of this court, 1880, to dismiss as to one of the defendants, Hyman Blum, a non-resident of this State, after the filing of the defendants' petition and bond for removal of this cause to the United States circuit court.

2. The court erred in overruling the defendants' petition for the removal of this cause to the United States circuit court, holding session at Tyler.

4. The court erred in charging the jury that if they found for the plaintiffs they could find for them the value of the goods converted not to exceed $1,297.20 and the interest on such value from the date of such seizure to this date at 8 per cent., and you should so find the value and interest by your verdict.

7. The court erred in charging the jury as follows: "If, under these rules, you find for the plaintiffs you will return the verdict for the plaintiffs for the value of these goods, not to exceed the amount claimed, with interest at the rate of 8 per cent. from the time of said seizure.

Opinion by West J.

After a good and sufficient petition for the removal of a cause, from the State court where it is pending, to the United State circuit court, has been filed, in the former court, it can enter no further

order, and take no further action in such cause. Texas and P. R. R. Co. vs. Mc Allister 59 Tex. (Austin Term 1883) and authoritis there cited.

If then the petition, and other steps taken for the removal in this case are good and sufficient, all the subsequent proceedings of the district court of Van Zandt county were without authority. Let us then inquire whether or not the proceedings did in fact disclose good and sufficient grounds for the removal of the cause, under consideration. The petition for removal, and the whole record taken together show that the character of the controversy, and the attitude of the parties to it was not such as to authorize the removal of the entire cause in the manner in which it was sought to be done. Both the appellees, and all the appellants except one are citizens of the State of Texas. That one does business in Texas, and is the mercantile partner resident in New York of two of the other appellants, and as such partner is sued jointly with them for the value of certain goods, wares and merchandise, on which appellants are alleged to have wrongfully caused to be levied a writ of attachment, they (the appellants),asserting that the property so by them attached,belonged to one J. M. Palmer, who was indebted to them. The appellees therefore,instead of seeking to recover the goods so seized, as they might have done, elected to bring this action for their conversion against the commercial firm of L. & H. Blum of Galveston, Tex., one of whom it seems, happens to be a citizen of New York. They also join in this suit for the damages sustained by the conversion the remaining defendant, the constable Davis, who under the directions of the commercial firm of L. & H. Blum, levied the writ of attachment in question, and made the seizure, out of which this suit grows. This is the whole case. Neither the pleadings or the jury have any separate claim or question in which the joint partner, who is a citizen of New York, interested. The case presents no special features that are sufficient under the law of Congress to authorize the action denied. The petition fails to show sufficient grounds for the removal. Since the petition for removal was filed in this case, these questions have in more than one shape been presented to,and passed upon by, the Supreme Court of the United States, and guided by their action, as we will and ought to be in construing a Federal Statute, we believe the petition and proceedings are not sufficient in this case to authorize the removal of the cause.

Cortin vs. Van Brunt 105 U. S. R. 57; Hyde vs. Ralle 104 U. S. R. 40; Blake vs. Mc Kim 103 U. S. R; Removal Cases 100 U. S. R. 45; Texas & P. R. R. Co. vs. McAllister *cited supra*; Barry vs. Lotham 103 U. S. R. 205. See also in this connection the following cases :

Clark vs. Chicogo, Mo., St. P. R. R. 11 Fed. Rep. 355; Bates vs. Days 11 Fed. Rep. 538. Van Brunt vs. Costin 13 Blotch. 496; Patterson vs. Chapman 13 Blotch. 395; Herry vs. Harris. M. R. R. Co. 7 Birs. 10; N. Y. Tin Co. vs Trother 23 Int. Rev Rec. 410.

The only other assignment of error, that it is deemed necessary to allude to, is the one bringing in question the correctness of the charge of the court, in instructing the jury on the sebject of allowing interest, on the value of the goods, from the date of their illegal conversion, to the time of trial at 8 per cent. per annum.

This charge is claimed to be erroneous, and not warranted by the pleadings. Under the state of the pleadings, and the facts of the case, the charge seems to be favorable enough to the appellants.

If the appellees were entitled to any moneyed judgment, under the pleadings, and against the appellants, the amount for which the judgment was rendered was not increased by the action of the court in giving the charge complained of. Nor do we believe that the charge was under all the circumstances of the case erroneous.

Wallace vs. Finberg 46 Tex.40. Weaver vs.Ashcroft 50 Tex.427.

The judgment is affirmed.

