## G., H. & S. A. R'y Co. v. James Sullivan.

### (No. 541.)

Negligence.— Knowledge of, or committed by vice-principal, chargeable to principal.

Fellow-servant, when an employee is not.

Appeal from Colorado county. Opinion by Walker, P. J.

Statement.— Appellees sued for damages for personal injuries received by the falling of false bridge works constructed and being constructed on defendant's road over Big Dry Canyon, in Picos county, December 12, 1882, he being in the employ of defendant, and engaged in said construction as bridge carpenter and assistant foreman; verdict and judgment for $5,000. The error assigned by appellant was verdict of jury, and that judgment of court should have been for defendant, for the reason that the evidence fails to show any legal liability of defendant to plaintiff for injuries sustained, and that plaintiff had knowledge, or could have had, of defects of timber used in construction, or the negligence or unfitness of Wolf, the foreman in charge of the work.

Opinion.— The error assigned presents two questions as tests for determining the liability of the defendant under the law and evidence in the case. First, that the plaintiff

cannot recover because he was a fellow-servant of Wolf, who was also the defendant's servant, and to whose fault the plaintiff imputes the injury complained of. Second, that occupying the relation he did to the bridge work, the falling of which immediately caused said injury, that the plaintiff's want of care in not learning of the dangerous condition of the bridge work and the unfitness or negligence of Wolf in the construction precludes him from a right to recover damages from defendant.

The first ground cannot be maintained, as Wolf was defendant's superintending agent and had exclusive management and control of men and hands engaged in the work — could hire and discharge them at pleasure. Defendant was bound to furnish suitable machinery and appliances for safe discharge of the employees' duties. H. & T. C. R. R. Co. v. McNamara, 59 Tex., 357; Wood on Master and Servant, sec. 329. Wolf does not occupy the position of a fellow-servant to the plaintiff, but its vice-principal. H. & T. C. R. R. Co. v. McNamara, 59 Tex., 259; Railroad Co. v. Dunham, 49 Tex., 19; also, Hough v. Railway Co., 100 U. S., 213; Ford v. Fitchburg R. R. Co., 110 Mass., 241; Gilvian v. Eastern R. R. Co., 13 Allen, 440.

As to the second ground relied on by the appellant, that the plaintiff had or could have had knowledge of the defects in timber or faulty construction of work, it is not borne out by the evidence. The testimony showed that plaintiff had been at work framing bridge timber some two miles distant and only arrived on the work on the evening before the disaster. Plaintiff was a carpenter, whose business was only to frame timber and not to superintend construction of bridges.

The jury found under instructions as to the law of the case, to which no exceptions were taken, in favor of the plaintiff; it must be presumed that they found plaintiff was not in default in not knowing and guarding against the accident. The evidence was sufficient to support the finding. See H. & T. C. R'y Co. v. McNamara, *supra*, and authori-

ties there quoted; Railroad Co. *v.* McAffee, 61 Tex., 69; Gibson *v.* Pacific R. R. Co., 2 Am. Rep., 500, 501, and cases there quoted from, and Ryan *v.* Fowler, 24 N. Y., 410.

JUDGMENT AFFIRMED.