JOHN ROBBINS vs. WILLIAM H. KIMBLE — Writ of Error from Red River County.

Where it appeared that interrogatories had been propounded in the court below to the plaintiff by the defendant, for the purpose of sustaining the defense relied on by him, and there was in the record no bill of exceptions nor statement of facts: Held, that every presumption was in favor of the legality of the judgment rendered for the plaintiff, notwithstanding the interrogatories did not appear to have been answered.

The material facts of this case are stated in the opinion of the court.

*Martin* and *Epperson*, for plaintiff in error.

*Morgan*, for defendant in error.

Mr. Justice WHEELER delivered the opinion of the court.

This was an action upon a promissory note. The answer contains, among other matters, a plea of tender; and there are in the record what purport to be interrogatories propounded [258] to the plaintiff for the purpose of establishing the truth of the plea. The interrogatories do not appear to have been answered, and this is alleged as error.

There is in the record no bill of exceptions nor statement of facts. The plaintiff's answers to the interrogatories may have been dispensed with by the ruling of the court, for some good reason, which (there having been no exception) it was not necessary to present in the record; or they may have been dispensed with by the express consent of the defendant, or they may have been given and received orally at the trial. Every presumption is in favor of the legality of the judgment. If the defendant was denied a right in the court below, it devolved on him so to present his case as that it may be seen that a right, not waived, was denied him. " It is incumbent on a plaintiff in error to make out an alleged error clearly and satisfactorily. Every reasonable intendment should be in favor of a judgment." 10 Pet. 161.

The burden of making out his case lies upon the plaintiff in the court below, and upon the appellant or plaintiff in error in this court.

We are of opinion that there is no error in the judgment, and that it be affirmed.

---

[259] JEREMIAH HENDRICK vs. CARTER CANNON, AND THE SAME vs. THE SAME — Appeals from Cass County.

A writ of injunction to stay an execution on a judgment must be made returnable to the district court of the county where the judgment was rendered.

The material facts of these cases are stated in the opinion of the court.

*Everett* and *Burford*, for appellant.

*Rogers*, *Mosely* and *Hall*, for appellee.