JOHN Q. A. ST. CLAIR AND WIFE V. T. G. McGEHEE.

Where a note is given by a husband, in satisfaction of a claim against himself and wife, it seems, that facts may exist which will entitle the payee to recover judgment against both husband and wife, and render subject thereto the separate property of the wife.

In the absence of a statement as to what facts were in proof, the court will presume, in support of the judgment, that the same was warranted by the testimony.

ERROR from Guadalupe. Tried before the Hon. Alexander W. Terrell.

Suit was commenced before a justice of the peace by the defendant in error against the plaintiffs in error, on the 21st day of August, 1857; and on the 31st day of August, 1857, judgment was rendered in favor of the plaintiff against the defendants, for the amount of the note sued on, with interest, and all costs of suit.

The defendants obtained a writ of certiorari and supersedeas, removing said cause to the District Court. Petition for certiorari filed October 20th, 1857.

The petition for certiorari set forth the institution of the suit as stated above, and the rendition of the judgment; and alleged that said John Q. A. St. Clair, on the fifth day of February, 1857, was indebted to said McGehee in the sum of seventy dollars, and accordingly made and delivered to him his note for that amount, of the date last named, payable one day after date.

The petition further alleged that McGehee received the note

in full satisfaction of the debt for which it was given; notwithstanding which, however, for the purpose of harassing and annoying said Julia B. St. Clair, the said McGehee instituted the suit aforesaid, before the justice, against the plaintiff in error, upon the following claim expressly manufactured for the occasion, viz: "Mrs. Julia B. St. Clair and J. Q. A. St. Clair, in "account with Thomas G. McGehee. 1856. To amount of "the above note, which was given in consideration of the use "and occupation of a house and lot in Seguin, occupied by "said Julia B. and J. Q. A. St. Clair;" which they averred was filed with the note above described. The petition set forth that on the day of trial, before the justice, the defendants appeared and moved to dismiss the suit, because, the taking the promissory note of the said J. Q. A. St. Clair for the debt set out in the account, released them from their joint liability to the plaintiff, if any such ever existed, and therefore he could not maintain this suit against them. That the justice overruled said motion, and rendered judgment for the amount of the note, with interest, and costs; and ordered execution against the separate property of the said Julia B.

Prayer for process, supersedeas, &c., in the usual form.

The plaintiff, McGehee, moved, in the District Court, to dismiss the writ of certiorari, for the following reasons:

1st. Because the petition shows no matter sufficient to entitle the petitioner to the writ of certiorari.

2d. Because the petition is not sufficient, on its face, to entitle the party to the writ of certiorari.

Which motion was sustained by the court. The only question presented in the Supreme Court by the plaintiffs in error was, did the court err in the ruling upon the motion?

ROBERTS, J. The court did not err in dismissing the petition for certiorari, upon motion:—because it does not state what was, or was not, in proof, as the foundation of the judgment rendered by the justice. As facts may have existed, which might have authorized such a judgment, on such claim, against both

husband and wife, we must presume in favor of the judgment, in the absence of any statement, as to what facts were in proof. (Milburn vs. Walker, 11 Tex. Rep. 330; Robinson vs. Lakey, 19 Tex. Rep.)

Judgment affirmed.