GEO. W. CALDWELL ET AL. v. DAVID BROWN AND WIFE.

1. MARRIED WOMAN—NON-JOINDER OF PARTIES.—One sued as a *femme sole*, who is at the time married, but who appears and answers without pleading her coverture, cannot avail herself of the fact that she was a *femme covert* when the same is for the first time alleged in the assignment of errors.

2. PRESUMPTION WHEN THERE IS NO STATEMENT OF FACTS.—When the petition shows a cause of action which, if established, will support the verdict, and nothing to the contrary appears in the record, it will be presumed that facts were in evidence to authorize the verdict.

3. VERDICT.—If the charge of the court should by its terms authorize a verdict for a cause of action not pleaded in the petition, yet if the verdict shows by its language that it was not based on the erroneous charge, but was responsive to a cause of action properly pleaded, the judgment rendered thereon will not be disturbed in the absence of a statement of facts.

4. APPEARANCE—JUDGMENT. — When it is shown that defendants against whom judgment was rendered were served with process, the omission of the judgment to contain a recitation that the parties appeared either in person or by attorney is not material.

ERROR from Bastrop. Tried below before the Hon. J. P. Richardson.

*Chas. J. Evans*, for plaintiffs in error.

*Jones & Sayers*, for defendants in error.

REEVES, ASSOCIATE JUSTICE.—The plaintiff in error, Mary L. Williams, joined by her husband, Robert H. Williams, assigns for error, 1st, "that judgment could not legally be rendered against her because she was a *feme covert* at and before the time of the institution of this suit and at the date of the rendition of the judgment in this cause, and that her husband, Robert H. Williams, was not a party to said suit, nor did he ever appear and make himself a party, nor was he served with process. Therefore the court erred in rendering judgment against this defendant."

Mrs. Williams was not sued as a married woman. After

being served with process she appeared and answered, denying the plaintiff's allegations and demanding proof of the same. The objection here taken was not made a ground of her motion for a new trial, nor does it appear by pleading or evidence that she was a married woman at the institution of the plaintiff's suit or during its pendency in the District Court. The statement that she was a *feme covert,* as made in the petition for the writ of error and in the assignments of error, in both of which she is joined by her husband, and made long after the rendition of judgment against her and her co-defendants, cannot now be inquired into by this court in the form in which it is presented. It should have been pleaded in the District Court. (Phelps *v.* Brackett, 24 Tex., 236.)

The second assignment is: "It does not appear from the pleadings nor from the exhibits appended to plaintiffs' amended petition, nor from any other evidence adduced upon the trial, that this defendant, either in person or by any duly authorized agent, ever entered upon the land claimed by plaintiffs, and cut and carried away or converted to her own use and benefit any trees growing upon the land claimed in plaintiffs' petition as the property of Adeline Brown."

The question upon this alleged error is whether the pleadings warranted the verdict and judgment. The petition charges a joint trespass, and there being no statement of facts, everything which could have been proved under the pleadings will be presumed in favor of the judgment. The petition shows a valid cause of action; and nothing to the contrary appearing in the record, it will be presumed that the facts in evidence supported the verdict. The previous decisions of this court enunciating this rule have been uniform and unbroken. (Robbins *v.* Kimble, 2 Tex., 257; Henderson *v.* Trimble, 8 Tex., 174; Moore *v.* Hardison, 10 Tex., 467; Baldwin *v.* Dearborn, 21 Tex., 447; St. Clair *v.* McGehee, 22 Tex., 5.)

The third assignment of error is in substance that it did not appear from any evidence adduced upon the trial that Mrs. Williams was ever a member of any firm in connection with her co-defendants for the purpose of sawing lumber, but on the contrary her contract with the McGuires only authorized them to cut and saw the pine timber upon the Glasgow league of which she was the owner.

The original petition is not clear in the averment of the partnership, but the amended petition distinctly charges that W. R. McGuire & Co. consisted of W. R. McGuire and F. W. McGuire, and that the defendants, Mary L. Williams and George W. Caldwell, entered into an agreement with McGuire & Co. for the purpose of sawing lumber, and that the saw-mill mentioned in the pleadings and exhibits was employed by the defendants in the sawing of the timber cut down and removed from the plaintiffs' land.

As stated by defendants, the exhibits attached to the petition show that the agreement only authorized McGuire & Co. to use the timber on the land of Mrs. Williams and on which the mill was to be erected. This however is not the extent of the allegation and ground of complaint. It is for the alleged trespass upon the plaintiffs' league of land, and the cutting down and carrying away her timber, and sawing it into lumber, and converting it to their own use with notice that the land belonged to plaintiffs. The defendant, Caldwell, in his letter to Brown, made an exhibit to the petition, represents himself as agent for Mrs. Williams, the owner of this land, and proposed to either buy the timber or such part of the tract as had pine on it. It also appears that Caldwell, as attorney in fact for Mrs. Williams, signed the agreement with the McGuires, stipulating for the erection of the mills on her land and the use of her timber. It is probable that the letter to Brown and the agreement between the parties were relied upon by the plaintiffs, Brown and wife, as showing notice to defendants of their right to the land, and as showing that the

defendants shared in the division of the lumber and in the profits of the mills.

With no other evidence before the jury, it might well be contended that there was no evidence of the trespass on plaintiffs' land.   But we have seen that the allegations of the petition are broad enough to admit evidence which might have supported the verdict against all the defendants, and that there was nothing appearing in the record against the presumption in favor of the correctness of the verdict.

The fourth assignment does not require a separate examination.

The fifth assignment is that the charge of the court was erroneous because it authorized the jury to find that the defendants cut, carried away, and destroyed any kind of timber, wood, or trees, when the plaintiffs only brought their action and claimed damages for pine trees growing on their land.

The jury having assessed the damages for pine trees only, the defendants could not have been prejudiced by the charge of the court in respect to the error of which they complain.

For the want of a statement of facts we have no means of judging whether the damages were excessive or not. The jury returned a verdict for the sum of $7,500 for 600 pine trees, and $5,000 additional damages.   The plaintiff remitted the whole of the last-named sum and one-half of the other, leaving a balance of $3,750.   The remittitur was filed before the motion for a new trial was acted upon by the court.

The verdict for the first sum furnished a basis for the remittitur; and if it was excessive in the first instance, it does not appear that the balance was liable to that objection.

In the additional assignments of error in which the other defendants in the District Court seem to have joined or

attempted to join with the plaintiffs in error, Williams and wife, it is assigned—

1. That the court erred in rendering judgment against defendant George W. Caldwell, because there was no service of citation on him, and the judgment does not recite that he appeared either in person or by attorney, nor does the record show that there was any such service, or that he made any appearance.

The opinion of the court that Caldwell could not be considered a party as plaintiff in the writ of error, he not having given a bond, was indicated on the motion to dismiss the writ as to him at the last term of the court. How far the court might consider the merits of his case is a question that could only arise on a reversal of the judgment, and requires no further consideration.

In addition to the authorities referred to in the opinion on the motion, the case of Burleson *v.* Henderson, 4 Tex., 49, is cited for the rule where the judgment is reversed on appeal or writ of error by one of the parties, and how far it operates a reversal as to all.

There is nothing however in this additional assignment which calls for a reversal of the judgment.

The recital in the judgment that Caldwell and the other defendants had been duly and legally cited is presumed to be true unless the contrary is made to appear. The record shows service on Mary L. Williams and F. W. McGuire, but is silent as to service on Caldwell, except as recited in the judgment. If the recital was contradicted by some other part of the record, such as the want of service or a defective service, the rule would be different. (Thompson *v.* Griffis, 19 Tex., 115, and authorities referred to.)

2. Another alleged objection to the judgment is, that it is defective and informal, because it does not recite that any or all of the defendants appeared either in person or by attorney.

On the supposition that the defendants were served with

process as shown by the judgment, it was not material whether they appeared or not.

It is further assigned for error that it does not appear that judgment by default was rendered against the defendants.

The same objection was made in the case of Peters v. Crittenden, 8 Tex., 131, and decided against the plaintiff in error. The court said, " The statute declares that but one final judgment shall be given in the suit. When this is done the rendition of the prior interlocutory judgment becomes immaterial."

There being no error in the judgment, it is affirmed.

AFFIRMED.