MARX & KEMPNER V. J. ABRAMSON.

*(Case No. 4113.)*

1. ATTACHMENT — AMENDMENT. — An affidavit for an attachment cannot be amended.
2. ATTACHMENT — AMENDMENT. — Though an amendment may be made to a petition for attachment, which will relate back and cure defective allegations in the original petition in regard to the same cause of action, yet it will not aid a defective affidavit for attachment.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

Suit by Marx & Kempner on January 1, 1879, for debt against J. Abramson, appellee. Plaintiff gave bond, and an attachment was issued on a petition which alleged " that there is justly due and owing unto Marx & Kempner, on said promissory notes, at least the sum of $1,717.78. Some of said notes are due and some are not." There was no separate affidavit, but the allegations of the petition were sworn to.

The attachment was levied on a stock of merchandise, the property of the defendant. February 7, 1879, defendant filed a general demurrer. September 15, 1879, plaintiff filed an amended original petition, setting forth with more certainty the amount of the indebtedness. The defendant then abandoned his demurrer, and on the 15th of September, 1879, filed a motion to quash the attachment. The court sustained the motion, and dismissed the attachment proceedings. The filing of plaintiff's amended petition, the order quashing the attachment, the withdrawal of the demurrer and rendition of the judgment were all on the same day when the cause was called for trial. The court permitted the plaintiff's amendment as an amendment to their petition, disregarding it as an amendment to the original affidavit.

*Davis & Sayles* for appellants.— The court erred in sustaining the motion to quash the attachment proceedings. Frosh *v.* Swett, 2 Tex., 485; Wells *v.* Fairbanks, 5 Tex., 582;

Holliman *v.* Rodgers, 6 Tex., 91; Perry *v.* Herbert, 8 Tex., 1; Tarkinton *v.* Broussard & Co., Austin Term, 1879; Rules for District Court, 12, 13, 14, 15; Morgan *v.* Johnson, 15 Tex., 568; Seawell *v.* Lowery, 16 Tex., 47; Barbee *v.* Holder, 24 Tex., 225. The motion was too late. Rule 25, District Court. We respectfully ask the court to reverse the judgment of the lower court sustaining the motion to quash the attachment proceedings, and to make such further order as the equities of the case require.

*Simpson & James* for appellee.

I. The court did not err in sustaining the motion to quash the attachment proceedings. Cox *v.* Reinhart, 41 Tex., 591; Sydnor *v.* Totham, 6 Tex., 189.

II. The court properly admitted plaintiff's amendment as an amendment to the petition, and excluded it as an amended affidavit.· Drake on Attachments, §§ 87, 113; Dallam, 605.

III. The motion to quash the attachment was filed in time. The motion was filed when the case was for the first time reached and called for trial. Rule 25, District Court; R. S., art. 1269. There is nothing in the record to show the fact, and nothing to controvert it.

BONNER, ASSOCIATE JUSTICE. — By an unbroken line of decisions from the days of the republic until the present time, an affidavit for attachment cannot be amended.

The original petition in this case was defective on general demurrer, and the affidavit was to the effect, simply, that the allegations in the petition were true. The petition and affidavit were not sufficient to have authorized the attachment.

The amended petition was filed several months subsequently, and was not sworn to, and although it had the effect to cure the omission in the original petition and support the personal judgment which was rendered on the notes sued upon, yet, if it were permitted to sustain the attachment, which was otherwise invalid, this, under the circumstances, would be an amendment to the affidavit.

In the case of Tarkinton *v.* Broussard, 51 Tex., 550, referred to by counsel for appellant, there was a separate affidavit, which, within itself, contained the essential requisites of the statute authorizing the issuance of an attachment, and which was consistent with the allegations of the original petition.

In that case, however, it was distinctly intimated, that though a subsequent amendment could be made, which would relate back and cure defective allegations in the original petition in regard to the same cause of action, yet that it would not aid a defective affidavit.

That case was essentially different from the one now before the court.

The objection that the motion to quash was made too late, was not presented at the proper time to the court below, and we give no opinion upon that question.

AFFIRMED.

[Opinion delivered April 27, 1880.]