Goodyear Rubber Co. vs. Knapp.

GOODYEAR RUBBER COMPANY vs. KNAPP.

*September 6 — September 23, 1884.*

| 61 | 103 |
| 75 | 331 |
| 75 | 442 |
| 61 | 103 |
| 77 | 632 |
| 61 | 103 |
| 101 | 41 |

ATTACHMENT. *(1) Insufficient affidavit. (2) Void attachment, when set aside. (3) Amendment of affidavit.*

1. An affidavit for an attachment stating that the defendant has disposed of or assigned, etc., "his property *or any part thereof*," or is about to do so, with intent, etc., is insufficient. Perjury could not be assigned thereon. *Miller v. Munson*, 34 Wis. 579.

2. A writ of attachment issued upon an insufficient affidavit being inoperative and void, the court may vacate and set aside the pro-

ceedings thereon at any time. Sec. 2744, R. S., relates only to irregular writs, not to such as are void. *Jarvis v. Barrett,* 14 Wis. 591, explained and distinguished.

**3.** Sec. 4, ch. 249, Laws of 1883, providing that the affidavit for an attachment may be amended at any time before trial, does not render any the less void a writ issued upon an insufficient affidavit which was not so amended.

APPEAL from the Circuit Court for *Waupaca* County. The case is stated in the opinion.

The cause was submitted for the appellant on the brief of *Finch & Barber.*

For the respondent there was a brief by *F. C. Weed,* attorney, and *E. P. Smith,* of counsel, and oral argument by *Mr. Smith.* To the point that the affidavit was sufficient, they cited: Drake on Attach. secs. 102, 105; *Morrison v. Fake,* 1 Pin. 133; *Klenk v. Schwalm,* 19 Wis. 111; *Blum v. Davis,* 56 Tex. 423; 22 id. 209; 59 id. 282; 42 Ind. 121; 28 Wis. 334; Broom's Leg. Max. 627.

Lyon, J. This is an appeal by the defendant from an order of the circuit court denying a motion, made by him after judgment, to dissolve an attachment against the property of the defendant issued and executed in the cause. The ground of the motion was the alleged insufficiency of the affidavit annexed to the writ. The affidavit is in due form, except it is stated therein that the defendant has disposed of or assigned, etc., " his property, or any part thereof," or is about to do so, with intent to defraud his creditors. The question is whether an affidavit in that form is sufficient.

In *Miller v. Munson,* 34 Wis. 579, an affidavit charging the debtor with a fraudulent disposition of " any of his property " was held insufficient. We think this case is within the rule of *Miller v. Munson,* although there is a slight difference in the language employed in the two cases. " His property, or any part thereof," is, however, substantially the same as " any part of his property." The statement is in

the disjunctive — "his property *or* any part thereof." The test of sufficiency is that unless perjury may be assigned upon it the affidavit is insufficient. *Miller v. Munson*, and cases there cited. How can perjury be assigned upon this affidavit? Were the affiant informed against for deposing falsely that the defendant was making, or was about to make, a fraudulent disposition of his property, he might well maintain that he had not so deposed, but only that the defendant had so done, or had done something else. If the alternative statement is true, there is, of course, no perjury. Should it be conceded that the alternative statement is meaningless, then the whole affidavit in that behalf is likewise so, and no perjury can be assigned upon it. In a prosecution assigning perjury on this affidavit the words " or any part thereof" could not be rejected as surplusage, and the affiant convicted of swearing falsely to what is retained; and this for the plain reason that he did not swear to the residue alone, but to the alternative statement in the affidavit as well.

Because perjury cannot be assigned thereupon, it is the settled law of this state that the affidavit is insufficient, and did not authorize the execution of a writ of attachment. The writ is therefore inoperative. *Whitney v. Brunette*, 15 Wis. 61, and cases cited in opinion, and in notes by Vilas & Bryant.

The writ being inoperative, it is competent for the court to vacate and set aside the proceedings under it at any time when its attention is called to the fact, unless prohibited from so doing by some statute. *Landon v. Burke*, 33 Wis. 452, 458; *Butler v. Wagner*, 35 Wis. 54.

It is claimed that sec. 2744, R. S., prohibits the vacating of the writ after judgment. The section provides as follows: " The court or the presiding judge thereof may, at any time before the trial of the action, or a release of the property under the preceding section, vacate or modify the writ of

attachment, for irregularity or other sufficient cause, upon five days' notice of motion." Probably this section operates to prohibit the court from vacating the writ after judgment for mere irregularity, but we think it does not reach the case of a void writ. The words therein, "or other sufficient cause," seem to relate to the modification rather than to the vacating of the writ. Any occasion for modifying a writ inoperative for insufficiency of the affidavit, could scarcely occur; and the fact that the section provides for the modification of the writ raises a strong presumption that it treats only of irregular, as distinguished from void, writs. Moreover, no good reason is perceived why the legislature should restrict the time within which the court might strike from its records a writ or proceeding absolutely void, and under which no rights can be claimed. On the other hand, the reason is obvious why a limitation should be imposed upon the right to interfere with a valid writ or proceeding, even though it be irregular in some respects. The statute operates to cure such irregularities in a writ of attachment, if not objected to before trial, and leaves a valid operative writ under which rights may be asserted and enforced.

*Jarvis v. Barrett,* 14 Wis. 591, is also relied upon as authority for the proposition that this motion to dissolve the attachment came too late. An examination of the record in that case (Vol. 41 Cases and Briefs, June Term, 1861), discloses the facts which the report of the case does not fully disclose:— that the affidavit annexed to the writ of attachment was in strict conformity to the statute in that behalf; and that in the argument of counsel for the defendant, while they claimed generally that the affidavit was insufficient, every specific objection made by them to the proceedings went to the regularity of the writ alone, or to the truth — not to the form — of such affidavit. The case came, therefore, within the statute as above construed. It was decided under Laws of 1859, ch. 101, sec. 5, which was

substantially the same as sec. 2744, R. S.   It is not an authority against our construction of the statute.

It is further argued that the attachment is not void because of the insufficiency of the affidavit, but only irregular, for the reason that the affidavit is amendable before trial, under Laws of 1883, ch. 249, sec. 4.   We think no such result follows that statute.   The legislature may, perhaps, as between the parties, authorize an amendment which would save a proceeding otherwise void.   But by doing so the proceeding before it is amended is not rendered any the less void.   In this case the affidavit was not amended, nor was any application made for leave to amend it.   Hence the attachment founded upon it remains void, and should have been dissolved.

The order must be reversed, with directions to the circuit court to vacate and dissolve the attachment.

