RACHEL DEVORE ET AL. V. WM. CROWDER ET AL.

(Case No. 4864.)

1. CHARGES—EVIDENCE—STATEMENT OF FACTS—Rulings of the lower court in giving or refusing charges, or in admitting evidence, will not be revised without a statement of facts. The exception to this rule, so far as charges are concerned, is that they will be reviewed only when, taken in connection with the pleadings and verdict, they are so glaringly erroneous as to leave no doubt that the finding of the jury must have been controlled by the improper instruction of the court. (McGaughy v. Bendy, 27 Tex., 535.)

2. ERRONEOUS CHARGE—VERDICT—An erroneous charge to the jury will not constitute a reversible error, if, under the facts before the jury, they could have found no other verdict than that rendered. See opinion.

APPEAL from Erath. Tried below before the Hon. T. L. Nugent. This was an action of trespass to try title brought by appellants. Defendants' answer contained a plea of not guilty, and set up a claim for improvements. The trial resulted in a verdict and judgment for defendants. The facts are stated in the opinion of the court.

*Lee Young* and *Wharton Branch*, for appellants, cited: Genl. Laws 1876, secs. 13, 14, 16, 30; State Constitution, art. 8, sec. 9; Blackwell on Tax Titles, 266, 267; *Id.*, 197, 198, 457; Cooley on Tax., 334, and note; *Id.*, 199, 202; Davis *v.* Farnes, 26 Tex., 296; Pitts *v.* Booth, 15 Tex., 453; Yenda *v.* Wheeler, 9 Tex., 408; R. S., arts. 4752, 4755, 4756; Robson *v.* Osborne, 13 Tex., 298; Hadley *v.* Tankersley, 8 Tex., 19; Young *v.* Van Benthuysen, 30 Tex., 769; 14 Peters, 422; 4 Blackford, 471, and note; Miller *v.* Alexander, 8 Tex., 36; Dodd *v.* Arnold, 28 Tex., 101; Williams *v.* McDonald, 13 Tex., 322; Thompson *v.* Munger, 15 Tex., 527; R. S., art 550; Styles *v.* Gray, 10 Tex., 503; Mitchell *v.* Bass, 26 Tex., 372; Howard *v.* Colquhoun, 28 Tex., 145; Hancock *v.* Butler, 21 Tex., 806; Constitution, art. 1, sec. 19; Webb *v.* Maxan, 11 Tex., 678; McCarty *v.* Wood, 42 Tex., 39; Frost *v.* Frost, 45 Tex., 325; Crook *v.* McGreal, 3 Tex., 487; Wells *v.* Moore, 15 Tex., 521; Galbreath *v.* Templeton, 20 Tex., 45; Ryan *v.* Jackson, 11 Tex., 391; Beazley *v.* Denson, 40 Tex., 416; Harvey *v.* Hill, 7 Tex., 591; Devine *v.* McCullough, 15 Tex., 490; Kelly *v.* Medlin, 26 Tex., 53.

No brief on file for appellees.

WILLIE, CHIEF JUSTICE.—The appellants brought suit in the ordinary form of trespass to try title to recover of the appellees a tract of twelve hundred and eighty acres of land originally granted to A. S. Roberts. Each of the defendants pleaded not guilty, and set up a claim for improvements. Upon these pleadings the parties went to trial. There is no statement of facts in the case, and hence we cannot tell upon what facts the jury based their verdict, which was for the defendants. The court charged, in effect, what facts would constitute the plaintiffs the legal successors in title to the original grantee of the land. It further charged them that these facts, if proved, would entitle the plaintiffs to recover, unless they believed that the defendants were entitled to a verdict under certain additional facts, which he then proceeded to detail in a hypothetical manner.

He charged that the defendants claimed under a tax deed, and then stated in what event the deed would convey title. It is urged here that the court erred in this part of its charge, and that the deed would

have been void, though every circumstance detailed by the court had been proved. Charges were asked by the appellants to the effect, that if certain defects in the manner of assessing the land, and advertising and making the sale, appeared, the deed would convey no title. These charges were refused, and this is assigned as error.

During the trial the defendants, as a predicate for the introduction of the tax deed, offered testimony to show the manner in which the assessment of the taxes, for which the land was sold, had been made; of the notice which had been given of the tax sale; and of the other matters necessary to be proved, in order to render the tax deed effective. All these were objected to by the appellants, as was the deed itself; but the objections were overruled by the court and the evidence admitted. The rulings of the court on these matters were saved by proper bills of exceptions, and are made subjects of various assignments of error. Hence, all the assignments of error relate either to the charges given or refused, or to the admission of evidence deemed by the appellants to be improper.

It is settled law in this court that as a general rule it will not revise the rulings of this character without a statement of facts. The exception, so far as charges are concerned, is that they will be reviewed only when, taken into connection with the pleadings and the verdict, they are so glaringly erroneous as to leave no doubt that the finding of the jury must have been controlled by the improper instructions which they received from the court. McGaughy v. Bendy, 27 Tex., 535; Railway Company v. McAllister, 59 Tex., 349. Can this be said of the present charge?

This court has frequently held that a charge, though incorrect, will not constitute error for which the judgment will be reversed, if, under the facts before the jury, they could not possibly have found any other verdict than the one they rendered. Suppose, for instance, in the present case, that the plaintiffs failed to connect themselves with the original grantee of the land, A. S. Roberts, the defendants were bound to recover, no matter whether their tax title was valid or utterly worthless. The only common source under which the parties claimed was the original grantee, and if the plaintiffs had not proved their due and legal succession to his right in the land, their case was lost, and no charge upon the subject of tax deeds could have made it any worse.

We cannot, in the absence of a statement of facts, and of all showing in the record that any evidence tending to prove the plaintiffs' title was introduced, presume that testimony of that kind was before the jury. If there was none, the charges have done no harm, and we

cannot reverse the judgment because they were given. The same may be said of the refusal to give the charges asked by the appellants. It does not appear that these could have benefited their case, as they may not have had any case before the court and jury.

It is also the settled rule of this court not to disturb a judgment for the admission of improper testimony, unless a statement of facts is found in the record. There is nothing in this case to constitute it an exception to the rule. The evidence admitted may have had an influence upon some of the issues between the parties, but upon others, which, if found in favor of the defendants, would have entitled them to a verdict, it had no bearing whatever. As we cannot tell upon what issue the jury based their verdict, we are unable to say that it was influenced by the testimony objected to by the appellants. See Lockett v. Schmulz, 60 Tex., 610, and authorities cited. In the state of the record before us we cannot revise the judgment below upon any of the assignments of error, and it is affirmed.

AFFIRMED.

[Opinion delivered May 7, 1886.]

[Associate Justice Stayton did not sit in this case.]