F. W. LUTTERLOH v. McILHENNY COMPANY ET AL.

No. 6252.

1. **Outgoing Partner—Giving a Promissory Note is Not Payment.**—After a partner left the firm the firm executed a promissory note for an account due the payee at the time of the dissolution. Suit was brought upon the note, also against the outgoing partner. He pleaded *non est factum,* and denied that he was a member of the firm. Plaintiff by amendment alleged that the note was taken for a debt of the old firm, setting out the items of the account. *Held,* that the taking of the note was not a payment of the account, there being no testimony to an agreement that the note should be in satisfaction of the account.

2. **Attachment—New Cause of Action.**—An attachment was sued out upon the note declared on. In the amended petition the plaintiff set up the account for which the note was given, and recovery was had upon the account. *Held,* that the change in the cause of action in the pleadings was fatal to the attachment, which ought to have been set aside.

3. **Interest Upon Accounts.**—By agreement between parties interest may be recovered upon the account to which the agreement applied.

APPEAL from Coryell. Tried below before Hon. T. L. Nugent.
The opinion states the case.

*Bassett, Muse & Muse,* for appellant. —1. The appellant having been placed at a disadvantage by the dealings between his co-obligor and the plaintiff, was ipso facto discharged thereby without showing injury. Johnson v. Mills, 25 Texas, 704, 718; 1 Story's Eq. Jur., secs. 324, 328.

2. The members of the debtor firm, though liable as principals to their creditor, were as between themselves liable to contribution, and so were sureties for each other, and the doctrine of the authorities cited applies equally to them as to other sureties. McIlhenny Co. v. L. & H. Blum, 68 Texas, 200.

3. The court erred in foreclosing the attachment lien on the property of appellant, because the cause of action upon which the judgment against him was rendered was not made the basis of the attachment proceedings, and the supplemental petition, upon the allegations of which alone the recovery against him was had, was not verified as required by the attachment law. Rev. Stats., art. 152, *et seq.*

4. The appellant's indebtedness being by open account, and there being no written contract stipulating for a different rate or time, interest should only have been allowed at the rate of eight per. cent per annum from the 1st of January after the debt was contracted. Rev. Stats., arts. 2977, 2978.

No brief for appellees came to Reporter.

ACKER, PRESIDING JUDGE.—The McIlhenny Company brought this suit against plaintiff in error and others on a note for $2566.66, dated

July 15, 1884, due at ninety days with interest from date at ten per cent per annum.    The note was joint and several, and was signed H. L. Watkins & Co., Pidcock & Co., and A. J. Holmes.

An attachment was sued out at the time of filing the suit, which was levied on land belonging to plaintiff in error, who, it was alleged in the petition, was a member of the firm of H. L. Watkins & Co.

Lutterloh answered under oath that he was not a member of the firm of Watkins & Co. at the time the note was executed; that the note was not executed by him nor by his authority; that the partnership which formerly existed between him and Watkins was dissolved about the month of March, 1884; that the note was accepted by plaintiff with the understanding and agreement that he was not bound thereby.

By supplemental petition the plaintiff denied the allegations of the answer, and specially denied the dissolution of the firm of Watkins & Co., and averred that if the firm was dissolved prior to the execution of the note, then prior to such dissolution, and while Lutterloh was a member of said partnership during the months of September and October, 1883, plaintiff sold and delivered to said firm goods and merchandise and loaned it money, as shown by the itemized account attached to the pleading, upon which Watkins & Co. expressly promised to pay interest at the rate of ten per cent per annum; that the note was executed for balance of principal and interest due on the account for merchandise and money loaned at the date of its execution; and that if Lutterloh was not liable on the note, then he was liable on the open account for the amount of the note with interest thereon at ten per cent per annum, by reason of the agreement and facts stated.

By supplemental answer Lutterloh alleged that the account set forth and described in the supplemental petition was the consideration for which the note was given; that the note was taken and accepted with the distinct understanding that the note with the sureties thereon was given in full satisfaction of the account, and with the understanding that he was thereby released from liability on the account.

The trial was without a jury and judgment was rendered against plaintiff in error on the account and against other defendants on the note for the sum of $2940 and foreclosing the attachment lien on Lutterloh's land.

The record contains no statement of facts, bill of exceptions, or conclusions of fact and law by the court.    There is no appearance for the defendants in error.

The first assignment of error is: "The court erred in rendering judgment against the plaintiff in error, because it appears from the judgment rendered, taken in connection with the pleadings, that his alleged indebtedness was discharged by the extension of time given by plaintiff to Watkins in consideration of the additional security for the debt given by Watkins."

The original and suplemental petitions of defendant in error were good on general demurrer and it seems they were not excepted to. In the absence of proof that McIlhenny Company accepted the note in payment of the account of Watkins & Co. we think taking the note and extending the time of payment of the debt would not of itself operate to discharge Lutterloh from his liability for the original debt. Especially so, as it does not appear that he has sustained any injury or been placed at any disadvantage by such extension. In Parson on Partnership, 3d edition, top page 458, it is said:

"And if a creditor of a firm contracts or agrees with a new firm to take their security in discharge of that of the old, the retiring partner is discharged from any liability to pay the debt, and whether such an agreement has taken place is a question of fact for the jury. To discharge the retiring partner, however, it is not sufficient to take a new security, but there must be an agreement to discharge him from the liability of the old firm."

And again the same author on page 460 says:

"If the creditor takes new security, retaining the old without any specific arrangement, it might be thought that the transaction implied an acceptance of the new firm who give their security as principal debtor and of the former partner as their surety. It seems rather to be regarded, however, as not affecting the liability of the retiring partner at all." See also 2 Lind. on Part., 704.

In Maine and Massachusetts the taking of a negotiable promissory note for an existing obligation is presumed to be a payment of the old debt, but in all other States of this Union and in the Federal courts as well the general presumption obtains that a negotiable note is not payment, and this presumption can be rebutted only by proof that it was otherwise intended by the parties. Pars. on Part., 528.

The second assignment of error is: "The court erred in foreclosing the attachment lien on the property of Lutterloh, because the cause of action upon which the judgment against him was rendered was not made the basis of the attachment proceedings, and the supplemental petition, upon the allegations of which alone the recovery against him was had, was not verified as required by the attachment law."

The cause of action upon which the suit was brought and the attachment sued out was the note, upon which it appears from the recitations of the judgment the court found that Lutterloh was not liable. The judgment against him was rendered upon the account, an entirely separate and distinct cause of action, set up for the first time by supplemental petition filed long after the writ had been issued and levied. The statute provides that no attachment shall issue until the suit has been duly instituted. When the suit is instituted the defendant is advised by the averments of the petition of the cause of action against him, and upon which

the attachment has issued against his property.     We think it would be a radical departure from the construction uniformly given to attachment laws to hold that the writ may be sued out on one cause of action and the lien acquired by its levy foreclosed and the property sold to satisfy a judgment rendered upon a different cause of action.     Tarkinton v. Broussard, 51 Texas, 550; Marks v. Abramson, 53 Texas, 264.

We think the court erred in rendering judgment foreclosing the attachment lien on Lutterloh's property.

The third assignment of error is:   "If not otherwise erroneous the judgment against plaintiff in error is excessive, in that interest on the open account on which the judgment against him was rendered is compounded and is computed at the rate of 10 per cent per annum instead of at the rate of 8 per cent, as it should have been, and that such interest is computed from the accrual of the alleged indebtedness instead of from the 1st of January thereafter as required by law."

It appears from the allegations of the supplemental petition that there was a contract between Watkins & Co. and McIlhenny Company binding Watkins & Co. to pay interest in such way and at such rate as to make Lutterloh's liability on the account for the same amount as the other defendants were liable for on the note.     We think the allegations were sufficient to admit the evidence necessary to sustain the judgment as to amount, and there being no statement of facts we must presume that the facts proved sustained the allegations.     Baldwin v. Dearborn, 21 Texas, 447; St. Clair v. McGehee, 22 Texas, 5.

We are of opinion that the judgment of the court below should be reformed and affirmed in all respects except the foreclosure of the attachment lien against plaintiff in error, in which particular we are of opinion that the judgment should be reversed and judgment rendered here dissolving the attachment lien and dismissing the suit as to plaintiff in error, and that defendant in error pay all costs incurred in prosecuting this suit.

*Reversed and rendered.*

Adopted May 21, 1889.