## L. H. TAYLOR v. T. A. READ.

Decided October 14, 1908.

**1.—Justice Court—Appeal—Amendment.**

Plaintiff, who sued in Justice Court for commissions on sale of land under a contract by defendant with him, could not, on appeal to the County Court, amend and recover on a contract made with a firm of land agents of which he was a member and the acquiring by him of his partner's interest in the commissions; it was a different cause of action.

**2.—Land Agent—Commissions—Terms of Sale.**

An agent authorized to sell land for one-half cash and balance on time, can not sell for cash only. If the principal refuse to recognize such sale he has no right to commissions thereon.

**3.—Land Agent—Revocation of Authority—Charge.**

A specific requested instruction as to the effect of revocation of a land agent's authority before sale made by him should have been given, where the evidence presented such issue, though covered, in general terms, by the charge.

**4.—Charge—Request.**

Matters specifically covered by the charge given need not be repeated by giving requested instructions.

**5.—Practice on Appeal.**

Alleged errors in refusing a new trial on account of surprise and newly discovered evidence it is not necessary to dispose of when the case is reversed on other grounds.

Appeal from the County Court of Brown County. Tried below before Hon. A. M. Brumfield.

*Arch Grinnan,* for appellant.

*Wilkinson & Lee,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by Read against Taylor, originally brought in the Justice's Court for the sum of $146.20, in which court Read recovered judgment. Upon appeal by appellant to the County Court, judgment was there rendered in Read's favor for the amount sued for.

Plaintiff, in his pleadings in the Justice Court, alleged as his cause of action "that, under a contract with defendant, plaintiff sold his farm in Brown County, Texas, on which defendant lived, on or about August 1, 1906, the understanding and agreement being that plaintiff was to receive a commission of five per cent. for selling said farm"—then goes on to allege the amount he would be entitled to under this agreement. When the case reached the County Court plaintiff there amended his pleading, and relied upon and alleged the following as his cause of action:

"Plaintiff, T. A. Read, alleges that on or about August 1, 1905, he and one W. D. Woodruff were partners in the business of selling land for commission; that on or about said day and year above mentioned the said defendant, L. A. Taylor, listed and contracted with the plaintiff to sell his said lands, consisting of two tracts, to wit, the home tract of 172 and the lower place of 349 acres, said land being situated near Bangs,

in Brown County, Texas, and agreed to pay plaintiff a commission of five percent in case of sale; plaintiff, acting under said listment or contract of sale, on or about August 1, 1906, sold defendant's home place of 172 acres for the sum of $2,974, the price at which same was listed. Plaintiff alleges that in the winter and spring of 1906 he and the said Woodruff dissolved their said copartnership, and the plaintiff acquired all the rights and interest of the said Woodruff in said land agency, and that he is now, and at the time of filing this suit, the sole owner of the above claim and cause of action."

The defendant in the County Court filed and presented a special demurrer to this amendment, on the ground that it asserted a new cause of action, or, in other words, that the cause of action there asserted was different from that relied on by the plaintiff in the Justice Court. The court overruled this demurrer, and under the assignments of errors this ruling is the first question to be disposed of. The substantial effect of the pleading of the plaintiff in the Justice Court is to allege a cause of action or contract between the appellant and the plaintiff in his individual capacity, and not with the firm of Read & Woodruff. The cause of action asserted by the plaintiff in the amendment filed in the County Court substantially declared upon a contract between Read & Woodruff and appellant. It is clear from the statement made in this amendment that, at the time the contract was made, Read & Woodruff were partners in the land business, and Woodruff had an interest in the same as a partner, and subsequently, upon dissolution, assigned this interest to Read.

There is a vast difference in a contract made with one as an individual and with the firm of which he may be a member, and there can be no sort of question that, if he had sued upon a contract made with him as an individual, and it had been developed by the evidence that it was made with the firm of which he was a member, the variance would be fatal. Without further discussing the question, we are of the opinion that the amendment set up a new cause of action, and that the trial court erred in overruling appellant's special exception. Bigham v. Talbot, 63 Texas, 273; Lutterloh v. McIlhenny Co., 74 Texas, 73; Letot v. Edens, 49 S. W., 109; Stewart v. Gordon, 65 Texas, 344.

Article 358, Sayles' Civil Statutes, provides that either party may plead any new matter in the County or District Court which was not presented in the court below, but no new cause of action shall be set up by the plaintiff, nor shall any setoff or counterclaim be set up by the defendant which was not pleaded in the court below. This article is embraced in the chapter or title that refers to and relates to certiorari, but it is held in Harrold v. Barwise, 10 Texas Civ. App., 138; Gholston v. Ramey, 30 S. W., 713, and in other cases, that this provision of the statute applies as well to cases appealed from the Justice Court as it does to cases taken up by certiorari.

We are also of the opinion that there is merit in appellant's second assignment of error. He requested in writing the trial court to instruct the jury that if they believed from the evidence that the defendant employed the plaintiff to sell the land for one-half cash and the balance on time, and that the plaintiff did not so sell the same, but sold for an all-cash consideration, and defendant refused to consummate the sale, they will find for defendant. There was evidence upon the trial which justi-

fied this instruction. In fact, the evidence of both parties is to the effect that the agreement was that the land should be sold for one-half cash and the balance on time; and the evidence is to the effect that the terms of the sale, as agreed upon between appellee Read and the prospective purchaser, called for a cash consideration. It is the right of the owner of the land to prescribe the terms upon which it may be sold, and when he directs the agent to sell on credit, or partly on credit, the latter has no power or right to depart from this instruction, and, if he does so, the owner can decline to consummate the sale. The fact that the agent can procure the entire consideration in cash does not justify him in violating the instructions of the owner, for it may be to the advantage of the owner to invest the consideration in a vendor's interest-bearing paper, and the agent is powerless to substitute his judgment or discretion in this matter for that of the owner. There may be such a material departure from the instructions, or the terms under which he is authorized to sell, as would justify the conduct of the agent in failing to literally observe them. The evidence does not inform us as to the length of time credit was to be extended, and we can not say from the facts upon this subject that the time of the maturity was so short as to make it equivalent to a cash payment. In other words, if the time of the credit was merely fixed at the same day upon which the transaction occurred, or the next day, it might be regarded as of such a short period as not to materially affect the rights of the seller; but in the nature of things, and in accordance with the usual course of transactions of this character, we can safely assume that the credit was not to be extended for such a short period, but was evidently for a longer time. But, however this may be, this question will be further developed upon another trial.

It would be proper for the trial court to give the instruction requested as set out in the fourth assignment of error. The court did, in a general way, instruct the jury that the plaintiff could not recover if he had withdrawn the authority of the agent to make the sale. The charge requested, and which was refused, was a direct instruction to the effect that, if the defendant informed either Read or his partner Woodruff to take the land off the market, and that the same was not for sale, to find for the defendant. There was evidence to support this instruction. The plaintiff testified that such direction was given before the sale was made to the prospective purchaser.

In disposing of the fifth assignment of error it is sufficient to say that the trial court did instruct the jury specifically to the effect that, in order to entitle the plaintiff to recover, the sale must be made within a reasonable time after the contract was entered into by the defendant, and left to the jury the question as to what would be a reasonable time.

The sixth assignment of error raises a question of fact proper to be passed upon by the jury.

The questions of fact raised in the seventh, eighth and ninth assignments will be passed upon on another trial, the reversal having afforded the appellant the opportunity to procure the evidence which he stated in his motion for new trial that he could procure on another trial.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*