Statement.

## Richmond

Northern Neck State Bank, Inc., v. Gilrebt Packing Company and Others.

March 13, 1913.

1. Attachments—*Affidavit—Stating Several Grounds Disjunctively.*— When separate and distinct grounds of attachment are stated and all are relied on, they must be stated conjunctively. They cannot be stated in the alternative. An affidavit which states that either one or the other of three separate and distinct grounds of attachment exist does not state the existence of any one of them, and hence is not a sufficient basis for an attachment.

2. Attachments—*Abatement—At What Stage Allowed—Code, Section 2981.*—When the affidavit for an attachment is inoperative and void, the court may, under the authority of section 2981 of the Code, abate the attachment issued thereon at any time before a final judgment has been entered disposing of the property attached, and the court is not precluded from abating the attachment because at a former stage of the proceedings a motion to abate was overruled, if upon further consideration it is satisfied that the writ was issued upon an insufficient affidavit.

3. Attachments—*Affidavits—Amendments.*—The affidavit for an attachment required by statute can be made at any time before another obtains a right. But if, when the affidavit is made, it is fatally defective, it cannot be amended. It is void, and the plaintiff must begin *de novo* with an affidavit that complies sufficiently with the statute to sustain the attachment.

Error to a judgment of the Circuit Court of Westmoreland county abating an attachment. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*J. W. Chinn, Jr.,* for the plaintiff in error.

*W. T. Mayo* and *T. J. Downing,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

On December 17, 1909, the Gilbert Packing Company, the defendant in error, a corporation operating a canning factory in Westmoreland county, finding itself heavily in debt, sold all of its cases of tomatoes stowed in its factory to V. B. Hardwick, who was engaged in the canning business, and applied the proceeds of sale to certain of its debts, and on the 20th of the same month it sold its canning factory and machinery to Geo. P. Bailey, another canner, and distributed the proceeds of sale *pro rata* among certain growers of tomatoes who had sold their crops to the company. On the 29th of December, 1909, the Northern Neck State Bank, the plaintiff in error, entered suit against the defendant in error on a note of that company held by it, and at the same time had an attachment issued and levied on the canning factory and the canned goods therein, none of which had at that time been removed by V. B. Hardwick, the purchaser, and also had a copy of the attachment served on Bailey and Hardwick, the purchasers, who were summoned as garnishees. On the 28th of March, 1910, judgment was entered against the Gilbert Packing Company for the amount of the note sued on, and at the subsequent June term of the court the defendants in error moved the court to abate the attachment upon the ground that the same was issued on false suggestions, and without sufficient cause. A jury was impaneled to try this issue and found a verdict in favor of the plaintiff, whereupon the court overruled the motion to abate. Hardwick and Bailey, the purchasers, having filed their petitions claiming title to the attached property, that issue was thereupon submitted to a jury and a verdict was re-

turned holding that the purchasers had a superior title to the property attached by the plaintiffs. Motion was made by the defendants to set aside the first verdict, and by the plaintiffs to set aside the second verdict. The court overruled both motions, but entered no order disposing of the attached property until August 30, 1911, when a final judgment was entered dismissing the attachment proceedings and releasing the attached property from the lien thereof and from any liability thereunder. To that judgment this writ of error was awarded.

The inquiry at the threshold goes to the validity of the affidavit which is the foundation of the attachment, and, therefore, involves the jurisdiction of the circuit court to entertain the proceeding. The affidavit made as the foundation for the attachment in this case states "(1) that the defendant is removing, intends to remove, or has removed its own estate, or the proceeds of the sale of its property, or a material part of such estate or proceeds, out of this State, so that process of execution on a judgment when obtained in said action will be unavailing; or (2) is converting, or is about to convert, or has converted, its property of whatever kind, or some part thereof, into money, securities or evidences of debt, with intent to hinder, delay or defraud its creditors; or (3) has assigned or disposed of, or is about to assign or dispose of, its estate, or some part thereof, with intent to hinder, delay or defraud its creditors."

This affidavit sets forth three separate and distinct grounds of attachment, neither of which is alleged to exist, but the allegation is that the defendant is either doing the first or the second, or that he is doing the third; whether one or all is left to conjecture. Affiant states that to the best of his belief either one or the other of three separate and distinct grounds exist, but which one he does not know, and therefore does not say. This method of state-

ment is not in conformity with the statute, which provides that an attachment shall issue when the affiant states to the best of his belief one or more of the grounds mentioned therein. He may allege one or more of these grounds, or all of them, if they exist to the best of his belief, but they must be affirmatively stated, they cannot be stated alternatively. He cannot say, as the affidavit under consideration does, that one of them exists, or if that does not then the other does, and so on until all the grounds are covered. No cause of action is stated in such a proceeding. When separate and distinct grounds are stated and all are relied on for the attachment, they must be conjunctively stated, they cannot be stated in the alternative, and when the affidavit is inoperative and void, the court may abate the attachment issued thereon at any stage of the proceeding. The authority given the court under section 2981 to enter judgment abating the attachment may be exercised at any time before a final judgment has been entered disposing of the property attached, and the court is not precluded from abating the attachment because at a former stage of the proceeding a motion to abate was overruled, if upon further consideration it is satisfied that the writ was issued upon an insufficient affidavit.

The affidavit required by statute can be made at any time before another person obtains a right. *Cirode* v. *Buchanan,* 22 Gratt. (63 Va.) 205. But when the affidavit is made, if it is fatally defective, it cannot be amended. It is void, and the plaintiff must begin *de novo* with an affidavit that complies sufficiently with the statute to sustain the attachment. As far as we have examined them, the authorities speak, practically with one voice, in sustaining these propositions. *Stacey* v. *Stockton & Co.,* 9 Iowa 399; *Dickeson* v. *Cowley,* 15 Kan. 269, opinion by Mr. Justice Brewer; *Keigel* v. *Schenkheis,* 37 Mich. 174, opinion by

Judge Cooley; *Sandheger* v. *Hosey*, 26 W. Va. 223, opinion by Judge Snyder; *Cronin* v. *Crooks*, 143 N. Y. 352, 38 N. E. 268; *Smith* v. *Baker*, 80 Ala. 319; *Rubber Company* v. *Knapp*, 61 Wis. 103, 20 N. W. 651; *Everson* v. *Selby*, 32 Md. 340; *Bank* v. *Simmons*, 57 W. Va. 5, 49 S. E. 893; *Halley* v. *Jackson*, 48 Md. 260; *Marx* v. *Abramson*, 53 Tex. 264; Drake on Attachments, secs. 36-a, 87.

In the light of these authorities, it is clear that the affidavit, which constituted the foundation of the attachment in the case at bar, was fatally defective and void; that the court was without jurisdiction to entertain the proceeding, and, therefore, properly entered the judgment complained of, which is affirmed.

*Affirmed.*