C. A. ELMEN & CO. et al. v. GODSEY.
(No. 6559.)

(Court of Civil Appeals of Texas. Galveston. April 22, 1914.)

1. APPEAL AND ERROR (§ 544*)—REVIEW—NECESSITY OF STATEMENT OF FACTS.

In the absence of a statement of facts, it cannot be determined whether error was committed in any of the matters complained of by assignments, the refusal to instruct a verdict for defendants, failure to submit the issue of any consideration for the contract sued on, and that a paragraph of the charge did not fully and correctly state the issues raised by the pleadings and was on the weight of the evidence and confusing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

2. APPEAL AND ERROR (§ 544*)—REVIEW—NECESSITY OF STATEMENT OF FACTS.

Even if a charge submitted a theory of plaintiff's case not authorized by the allegations of the petition, it cannot in the absence of a statement of facts be held this was "reasonably calculated to cause and probably did cause the rendition of an improper judgment," so as, under Court of Civil Appeals rule 62 (149 S. W. x), to authorize a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by Frank W. Godsey against C. A. Elmen & Co. and others. Judgment for plaintiff, and defendants appeal. Affirmed.

J. V. Fleming, of Beaumont, for appellants. J. D. Wilkerson, of Beaumont, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellants to recover the sum of $650, or in the alternative 2½ per cent. of the purchase price of a tract of 640 acres of land in Jefferson county, described in plaintiff's petition. The amount claimed by plaintiff was alleged to be due under a contract with the defendants for services rendered them by plaintiff in effecting the purchase of said land. The defendants answered by general demurrer and special exceptions and general and special denial of the allegations of the petition. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $650.

No statement of facts has been brought up with the record. At a former day of this term appellants filed a motion to substitute the statement of facts alleged to have been filed in this court with the record, and subsequently lost, by an agreed statement of facts filed with said motion. The motion was granted and the substitute ordered filed; but, upon a rehearing of said motion on application therefor filed by appellee, it was conclusively shown that no statement of facts was filed with the record, and counsel for appellants were mistaken in so stating in their motion to file the substitute. Upon this showing we set aside our order granting the motion to substitute the statement of facts. The statement of facts filed as a substitute cannot be regarded as a statement of facts and will not be considered.

[1] The first assignment of error complains of the refusal of the trial court to instruct the jury to return a verdict for the defendants.

The second assignment complains of the failure of the court to submit to the jury the issue of whether there was any consideration for the contract declared on by plaintiff.

The third assignment complains of one of the paragraphs of the court's charge on the ground that it does not fully and correctly state the issues raised by the pleadings and

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

is "upon the weight of the evidence and confusing."

In the absence of a statement of facts, we cannot determine whether the trial court committed error in any of the matters complained of in any of these assignments, and each of said assignments must be overruled. Ross v. McGowan, 58 Tex. 603; Raleigh v. Cook, 60 Tex. 438; White v. Parks, 67 Tex. 605, 4 S. W. 245; Devore v. Crowder, 66 Tex. 204, 18 S. W. 501; Caldwell v. Brown, 43 Tex. 216; Baldwin v. Dearborn, 21 Tex. 447; St. Clair v. McGehee, 22 Tex. 5.

[2] There is no merit in the fourth assignment. The charge complained of in the assignment does not submit, as contended by appellants, a theory of plaintiff's case not authorized by the allegations of the petition; but, if this objection to the charge was tenable, we could not, in the absence of a statement of facts, hold that such error in the charge was "reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case;" and therefore we could not reverse the judgment for such error. Rule 62 for Courts of Civil Appeals (149 S. W. x).

The remaining assignments of error each present questions of fact and, in the absence of a statement of facts, cannot be sustained.

It follows from what has been said that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.