### DAY v. GULF, C. & S. F. RY. CO.
(No. 7052.)

Court of Civil Appeals of Texas. Austin.
Feb. 23, 1927.

1. **Appeal and error ⬅⟶544(1)—Questions relating to evidence, rulings on special exceptions to pleadings, submission of issues or ruling on charges, in absence of statement of facts, will not be considered on appeal (Vernon's Ann. Civ. St. 1925, art. 2243).**

Questions relating in any manner to evidence, its legality, sufficiency, admission, or exclusion, trial court's rulings on special exceptions to pleadings, to submission of issues, or to giving or refusing of charges, will not, in absence of statement of facts authorized by Vernon's Ann. Civ. St. 1925, art. 2243, be considered on appeal.

2. **Appeal and error ⬅⟶907(3)—In absence of statement of facts, every reasonable presumption must be indulged consistent with pleadings to support judgment (Vernon's Ann. Civ. St. 1925, art. 2243).**

In absence of statement of facts authorized by Vernon's Ann. Civ. St. 1925, art. 2243, on appeal, every reasonable presumption must be indulged consistent with pleadings to support judgment.

3. **Appeal and error ⬅⟶554(3)—In absence of statement of facts, where record did not show fundamental error, judgment would be affirmed on appeal (Vernon's Ann. Civ. St. 1925, art. 2243).**

In absence of statement of facts, authorized by Vernon's Ann. Civ. St. 1925, art. 2243, where record showed no fundamental error, trial court's judgment would be affirmed on appeal.

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⟐⟐1011(1)—Trial court's findings on contradictory evidence of jury's misconduct will not be disturbed on appeal, unless clearly wrong.**

Where evidence of jury's alleged misconduct is contradictory, and misconduct did not clearly appear, but is issue of fact to determine whether it existed, is province of trial court, whose findings thereon will not be disturbed on appeal, unless clearly wrong.

**5. New trial ⟐⟐44(1)—Overruling motion for new trial for jury's misconduct held not abuse of discretion.**

In personal injury case, overruling motion for new trial because of jury's misconduct *held* not abuse of discretion.

Appeal from District Court, Bell County; Louis H. Jones, Judge.

Action by E. B. Day against the Gulf, Colorado & Santa Fé Railway Company. Finding on special issues for defendant. From a judgment overruling plaintiff's motion for a new trial, plaintiff appeals. Affirmed.

Walker W. Saulsbury and Winbourn Pearce, both of Temple, for appellant.

Lee, Lomax & Wren, of Fort Worth, and W. W. Hair, of Temple, for appellee.

BAUGH, J. Appellant sued appellee for damages for personal injuries alleged to have been caused by the negligence of a fellow employee in allowing a cross-tie to fall on appellant while they were transferring cross-ties from one car to another in the yards at Temple, Tex. The case was submitted to a jury on special issues, on which they found against appellant. This appeal is from the action of the trial court in overruling appellant's motion for a new trial on the grounds of misconduct of the jury in answering the special issues. The special issues pertinent to our inquiry here are as follows:

"Special Issue No. 2. Do you find from a preponderance of the evidence that in handling and moving said cross-tie, at the time, defendant's employee was guilty of negligence, as that term has been herein defined? Answer: No."

"Accident: By this word is meant such an unexpected catastrophe occurring without any one being to blame for it; that is, without any one being guilty of negligence in doing, or omitting to do, the particular thing which caused such casualty."

"Special Issue No. 4. Bearing in mind the foregoing instruction, do you find from the preponderance of the evidence that the slipping of the tie and the falling of the same upon the foot of plaintiff was an accident? Answer: Yes."

"Special Issue No. 6. Now, bearing in mind the foregoing instructions, at what amount do you assess the plaintiff's damage. Answer the amount that you find from the evidence in dollars and cents. Answer: $3,500."

Only the testimony of the jurors in the hearing upon the motion for a new trial accompanies the record. And we are met at the outset with the contention of appellee that, in the absence of a statement of facts and of fundamental error, we can only affirm the trial court's judgment, because, even if misconduct of the jury be conceded, we have no way of knowing that the appellant was injured, for the reason that the judgment entered may have been the only judgment that could have been rendered under the evidence.

[1, 2] It has been uniformly held that questions relating in any manner to the evidence, its legality, sufficiency, admission, or exclusion, to rulings by the trial court on special exceptions to pleadings, to the submission of issues, or to the giving or refusing of charges, will not in the absence of a statement of facts be considered on appeal. See article 2243, Vernon's R. S. 1925, and numerous annotations thereunder. And, in the absence of same, every reasonable presumption must be indulged consistent with the pleadings to support the judgment. Parrish v. Parrish (Tex. Civ. App.) 280 S. W. 901 and cases there cited. In Dennis v. Neal (Tex. Civ. App.) 71 S. W. 387, though the record was subsequently perfected by bringing forward the statement of facts, a consideration of which reversed the original disposition of the appeal, Judge Streetman of this court announced the following:

"It is also insisted that the verdict of the jury was not unanimous, and that one of the jurors only consented to render the verdict because he was sick, and unable to longer endure confinement with the balance of the jury; and because he had understood that the court would keep the jury together indefinitely, and not discharge them until they brought in a verdict. This assignment is based upon an affidavit of the juror. In the absence of a statement of facts, it cannot be ascertained that any injury was occasioned on this account, because the evidence may have been of such character as would have authorized a peremptory instruction. In addition to this, however, it is well settled that a juror cannot thus impeach his verdict. Railroad Co. v. Gordon, 72 Tex. 52, 11 S. W. 1033; Bank v. Bates, 72 Tex. 142, 10 S. W. 348, and cases cited."

In Williams v. Brice (Tex. Civ. App.) 108 S. W. 183, Chief Justice Pleasants, in speaking for the court, used the following language:

"The record contains no bill of exceptions and no statement of facts. In this state of the record we cannot sustain any of the assignments presented in appellants' brief. All of said assignments but two predicate error upon the charge of the court or upon the refusal of the court to give special charges requested by appellants. In the absence of a statement of facts it is impossible to determine whether any of the alleged errors in the charge, conceding

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for the sake of argument that the paragraphs complained of were erroneous, injuriously affected the rights of appellants. We cannot know but that the evidence was such that no other verdict than one in favor of the defendants could have been found by the jury. For a like reason we cannot say that the refusal of the court to give the requested charges, conceding that they be abstractly correct, was prejudicial to appellants. Birge v. Wanhop, 23 Tex. 441; Railway Co. v. McAllister, 59 Tex. 349; Raleigh v. Cook, 60 Tex. 440; Devore v. Crowder, 66 Tex. 204, 18 S. W. 501; White v. Parks, 67 Tex. 605, 4 S. W. 245."

[3] This may be a harsh rule, and in some cases doubtless works hardships and considerable additional expense to appellants, but we accept it as already established. Finding no fundamental error in the record, we affirm the judgment of the trial court.

[4, 5] We have, however, read carefully appellant's assignments of error setting up alleged misconduct of the jury, and all the testimony of the jurors produced on the motion for a new trial. This testimony is not at all conclusive that the answers to the special issues did not reflect the true verdict of the jurors who attempt to impeach them, especially on issues 2 and 4. Taken in its most favorable light it might be so construed, but the jurors who testified that they were induced to answer these questions contrary to what they believed the evidence showed upon cross-examination cast considerable doubt upon that matter. No such positive and uncontroverted changes of answers, due to other evidence or influence of other jurors, is here shown as was true in Harvey v. Ry. Co. (Tex. Civ. App.) 261 S. W. 197, and Coons v. Culp (Tex. Civ. App.) 278 S. W. 914. The same may be said as to appellant's contention that the jury first decided to award Day damages and then set out to answer the questions so as to accomplish that purpose. The testimony rather indicates the contrary. Where the evidence on matters of alleged misconduct of the jury is contradictory, and misconduct does not clearly appear, but becomes an issue on the facts constituting the misconduct, it is the province of the trial court to determine whether or not such facts exist. He has the jurors before him, with opportunity to observe their demeanor, as in cases of witnesses generally, and, if their testimony is equivocal, vacillating, and uncertain, as was true of some of the jurors in this case, the trial court's findings on the existence or nonexistence of such facts as would, if true, constitute misconduct will not be disturbed, unless manifestly wrong. The record fails to show, in our opinion, an abuse of discretion by the trial court in overruling said motion, and the judgment must be affirmed for that reason also.

Affirmed.